## THOMAS L. GRISHAM *v.* LUTRIC & CHANDLER.

1. STATUTE OF FRAUDS. *Code of* 1892, § 4225c. *Third parties. Collateral controversy.*

   If the parties to a contract, voidable under the statute of frauds at the election of either, do not repudiate it, third persons having no interest in it cannot question its validity in a collateral controversy.

2. SAME. *Defense personal.*

   The statute of frauds as a defense is personal to the parties to the contract, and is not available to a stranger in a collateral proceeding.

3. SALE. *Mortgage of crops.*

   One who has verbally leased lands for three years, who intends to enter thereon and cultivate the premises during the coming year, and who afterwards does so enter and cultivate. may, before actual entry, execute a valid deed of trust or mortgage upon the crops to be grown on the premises during the coming year.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Thomas L. Grisham, the appellant, was the plaintiff in the court below; Lutric & Chandler, appellees, were defendants there. The purpose of the suit was to recover the value of some cotton upon which plaintiff, as trustee, held a deed of trust, the cotton having been acquired by defendants, appellees. The facts were these: In October, 1896, one Harbour leased some land in Madison county, verbally, for a term of three years. The statute of frauds (code of 1892, § 4225), provides that ''an action shall not be brought whereby to charge a defendant or other party: . . . (c) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year.'' Before taking actual possession of the premises Harbour gave, November 17, 1896, a deed of trust on the crops to be grown on the leased premises during the year 1897, to appellant, as trustee, to secure a debt to one Buntin. In December, 1896, after Harbour had entered upon the premises, he executed a second deed of trust on the crops to be grown in 1897, on the leased land, to secure a debt to one Beauchamp. The debt to Buntin, which exceeded in amount the value of the cotton sued for, had not been paid, and suit was begun against defendants, who claimed the cotton under the second, or Beauchamp's, deed of trust.

*H. B. Greaves* and *C. B. Graves*, for appellant.

The effect of the verbal lease between Harbour and Kearney was to give Harbour an interest in the land leased for the year 1897, and a right to mortgage the crop to be grown thereon for the year 1897. The crops had a potential existence under the circumstances of this case which would make them a legitimate subject of sale or mortgage.

Third persons who could not have prevented Harbour and Kearney from executing the contract cannot, after it had been executed, be heard to plead the statute of frauds as affecting a contract with which they have no concern. Our court says in

*Chaffe* v. *Benoit*, 60 Miss., 39: "Even though the lease was void between the parties, it cannot be attacked collaterally by third persons having no interest in the controversy."

*Wells & Croom*, for appellees.

The deed of trust from Harbour to appellant to secure the debt of Buntin was void, for the reason that at the time of its execution Harbour, the grantor, had no such relation to the land as would authorize and empower him to give a valid deed of trust on the crop to be grown thereon in the year 1897.

What relation did Harbour have to the land at the time of the execution of the deed of trust? He claims to have been a lessee under a verbal lease for the term of three years, no written contract or writing of any kind having been made evidencing the lease.

The lease was void, because it was verbal and was a lease of land for more than one year with no writing evidencing it. Therefore Harbour was a stranger to the land at the time he executed the deed of trust under which appellant claims. He had no interest *in presenti* of which the crops grown thereon in the year 1897 were the product so as to give him the power to execute a valid deed of trust on the crop. The statute of frauds condemns the lease, and § 4225 of the code of 1892 provides that no action shall be brought whereby to charge a "defendant or other person" upon any such contract.

In the case of *Hill*· v. *Gilmer*, decided by this court in March, 1897, wherein the landlord sought to enforce his landlord's lien and recover his rent, the court denied the landlord's right to recover, because the lease between the landlord and his tenant was a verbal lease for more than a year, this court saying in that case: "There being no contract in writing, but only a verbal lease for more than a year, to wit, for five years, plaintiff had no right to the cotton levied on and cannot recover in this action." *Hill* v. *Gilmer*, 21 So. Rep., 528.

WOODS, C. J., delivered the opinion of the court.

On the case presented in the record before us there is really only a single question for our consideration: Was the action of the trial court in declaring the trust deed of November 17, 1896, made by Harbour to Grisham, trustee, void, and in excluding it from the jury, correct?

While a verbal contract for the lease of lands for more than one year is nonenforceable, because within the statute of frauds, still the statute does not declare it void, but only declares that it, the contract, shall be nonenforceable in an action brought to charge a defendant or other party. But the present suit is not one brought against the defendants to enforce a verbal contract of lease for more than one year. It is not a suit brought by either of the parties to such lease against the other party thereto. The parties to the contract are neither asserting any claim based upon it, nor defending any action because the contract is within the statute of frauds. The attack upon the contract is made by way of defense in an independent proceeding between strangers to that contract, and it would appear to be well settled that attack by a stranger, in a collateral proceeding, is not allowable. If the parties to the contract, voidable at the election of either of them, which has been performed, do not repudiate it, "third persons, having no interest in it, cannot be heard to question it in any collateral controversy." *Chaffe* v. *Benoit*, 60 Miss., 39. It seems equally well settled that the statute of frauds, as a defense, is personal to the parties to the contract, and is not available to a stranger to the contract in a collateral proceeding.

In Browne on the Statute of Frauds, sec. 135, we find this language: "As the statute of frauds affects only the remedy upon the contract, giving the party sought to be charged upon it a defense to an action for that purpose, if the requirements of the statute be not fulfilled, it is obvious that he may waive such protection, or rather, that, except as he undertakes to avail himself of such protection, the contract is perfectly good

against him.   A third party cannot, in a case where his own obligations growing out of the existence of the contract in question are concerned, deny the obligation of the contract upon the party who was charged thereby, or take any benefit of the protection which such party could claim in an action brought upon it against himself.''   And again, in sec. 138*j*, the same author says:   '' It has already been shown in this chapter that the statute does not make the contract void, but only allows a defense to its enforcement, which defense is personal to the defendant and may be waived by him, and which no third party can assume that he will or would avail himself of so as in effect to give the third party the privilege of the statute.''

In Reed on the Statute of Frauds, sec. 651, it is said:   '' No third person can set up the statute of frauds, for *non constat* that the parties will not voluntarily perform, only the party to be charged can set up the statute,'' and many authorities, cited in the note, support the text, and to these authorities we refer, as well as to those cited in the 8 Am. & Eng. Enc. L., 659, in support of the text of that work, which declares that ''only parties to the agreement can take advantage of the defense of the statute.''

Under our view of the trust deed, erroneously held by the court below to be void, it is hardly necessary to add that the crops to be grown by the grantor named in that trust deed had a potential existence.

*Reversed.*