# BRIMM v. McGEE.

## [80 South. 379, Division B.]

1. VENDOR AND PURCHASER. *Innocent purchaser. Evidence.*

   where in a suit to reform deeds to adjoining lots on the ground of mutual mistake, complainant showed possession of his lot up to the driveway at the time defendant purchased adjoining lot, this was sufficient to charge defendant with notice that complainant was claiming to such driveway, so that defendant could not set up that he was an innocent purchaser.

2. REFORMATION OF INSTRUMENTS. *Grounds. Mistake. Description.*

   Notwithstanding the parties intentionally used in their deeds the very terms of description written in the deeds and there was no ambiguity on the face of the conveyance, they are not bound by the documents as written, but the deeds will be reformed, where the description was not in accordance with what they understood to be the boundaries of the lot.

3. SAME.

   It is not what description the parties intended to write, but what property the parties intended to have embraced in the description that they used.

4. REFORMATION OF INSTRUMENTS. *Mistake as to legal sufficiency of description.*

   Reformation of deeds will not be denied because the parties made a mistake as to the legal sufficiency of the description.

5. REFORMATION OF INSTRUMENTS. *Power of equity.*

   There are few limitations on the jurisdiction of a court of equity to correct mutual mistakes of fact.

6. REFORMATION OF INSTRUMENTS. *Laches.*

   Relief will not be denied on the ground of negligence. where a bill to reform deeds was promptly filed upon discovery of mutual mistake of fact where no one was injured by lapse of time.

7. EQUITY. *Decree. Conformity of pleadings and evidence.*

   That the court relied upon a survey made during trial for an accurate description in framing its final decree, did not make such decree subject to the objection that it was not in accordance with the bill and evidence.

APPEAL from the chancery court of Hinds county.

HON. O. B. TAYLOR, Chancellor.

Suit by J. C. McGee against W. L. Brimm and others. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*Thos. S. Bratton,* for appellant.

*Alexander & Alexander,* for appellee.

STEPHENS, J., delivered the opinion of the court.

There is involved in this suit the right of appellee as complainant in the court below to a reformation of certain deeds of conveyance on the ground of mutual mistake. The prominent facts which show the situation which confronted the court are as follows: In 1911 appellee and James A. Alexander purchased from one Sykes and wife two lots in the city of Jackson, described as lots ten and twelve, block seven, Glenwood Place survey. At the time of this purchase Sykes had erected on lot ten, the western lot, a residence, garage, driveway, and other improvemnts. The deed was taken in the name of Alexander, but thereafter Alexander conveyed an undivided one-half interest to his associate, the appellee herein. The entire property was thereafter for a year owned jointly by appellee and Alexander. East of the driveway the property was vacant, and this vacant lot had approximately a sixty-foot frontage. In 1912 Alexander purchased from his· cotenant, McGee, the latter's one-half interest in the sixty-foot vacant lot east of the driveway, but by a mistake, now acknowledged by both parties to the transaction, the property to be conveyed was described as lot twelve, block seven, Glenwood survey. Both Alexander and

McGee testified that they thought lot ten embraced the home and improvements erected by Sykes, and that the driveway was the western boundary line of lot twelve. There was a concreted sidewalk and a retaining wall along the front yard of the Sykes premises, and afterwards the sixty-foot vacant lot east of the driveway was terraced, and the occupation lines were visible to any one making an inspection of the property. Appellee, after purchasing the Sykes property from his cotenant, took possession and occupied the premises as his home. According to the map or plat of the Glenwood survey lots ten and twelve each had a frontage of eighty feet, but Mr. Sykes in making his improvements and in placing the driveway paid little attention to, or ignored, the dividing line between the two lots, and in laying off his front yard, driveway, and other improvements occupied the larger portion of the frontage, thus leaving only sixty feet to the east of the driveway. J. A. Alexander afterwards conveyed a one-half interest in the sixty-foot lot to his brother, John M. Alexander, and in the deed employed the same description, to wit, lot twelve. James A. and John M. Alexander thereafter erected a bungalow residence upon their portion of the lot, filled in, terraced, and sodded the lot, laid sidewalks in front, and rented the property to a tenant. J. A. Alexander conveyed his undivided one-half interest in the Sykes home to his associate, the appellee herein, and in making the conveyance described the property as lot 10. Through the medium of Mr. Hicks, a real estate agent, an agreement was reached between the Alexanders and Mr. Brimm, the appellant, whereby the Alexanders were to convey to Brimm the bungalow home in exchange for a ninety-acre farm near the city of Jackson. Before this trade was consummated Mr. Hicks showed the property to appellant, who inspected the house and lot, and, accord-

ing to Hicks' testimony, looked over the property from front to back. There is some conflict in the testimony as to the extent of this inspection, but appellant admits looking at the property, and admits he was under the impression that the driveway was the western line of the premises he was purchasing. On this point his statement is as follows:

"I assumed the driveway was the west line;" 'and, at another point, "I assumed that the driveway was on the line, and on that assumption I naturally would not expect property west of the driveway, because I thought that was the line at the time."

At the time appellant purchased the bungalow property, appellee was in possession of the Sykes home and all premises west of the driveway, claiming the same under his deed of conveyance from his cotenant, James A. Alexander, Appellant took possession of the bungalow property east of the driveway, and no question was raised and no disclosure made of the alleged mutual mistake until 1917, when Mr. Hogue, a neighbor and interested in adjacent property, advised appellant that lot twelve as described in his deed, on a proper survey, would embrace a large portion of appellee's improvements. Thereupon appellant had a survey made, locating the boundary lines of lots ten and twelve, and this survey disclosed the fact that the dividing line between lots ten and twelve crossed the driveway, and that lot twelve, accordingly to the plat, took a portion of the property west of the driveway. Soon thereafter appellee as complainant exhibited his bill in equity against James A. and John M. Alexander, and appellant Brimm, alleging a mutual mistake of all parties and asking for a reformation of the deeds. Appellant by his answer denies the complainant's right to the relief prayed for. Upon this issue and upon proof the chancellor decreed a reformation of the deeds,

and from his decree appellant prosecutes this appeal.

It is contended on behalf of the appellant that no definite contract was entered into by the original parties, Alexander and McGee, for the reason that while both understood that the driveway was the dividing line between lots ten and twelve each intended to use the very terms employed, and understood that he was getting what his deed called for. It is contended that under the facts there was no mutual mistake; that there is no ambiguity on the face of the deed, such as an error in the lot number, section, or range, and that the result of a reformation would be to make a contract which the parties themselves did not make. It it also contended that appellant is an innocent purchaser for value, and that the complainant is guilty of negligence.

Our interpretation of the facts leads us to the conclusion that appellant is wrong in his contention. The mistake as between James A. Alexander and appellee is admitted, and both now desire to seek a correction. This is also true as to John M. Alexander. The right to a reformation is challenged only by appellant, Brimm. The testimony shows beyond dispute that the lot which Brimm inspected and contracted to purchase had been filled in and terraced in front, and the occupation lines of the Sykes premises, then in the possession of appellee, were well marked out and defined. Mr. Brimm does testify that the plat called for an eighty-foot lot, and in buying the premises he thought he was buying eighty feet frontage. He admits, however, that he understood that the driveway constituted the western line of his lot, and appellee's possession was sufficient to charge appellant with notice of the fact that appellee was occupying and claiming to the driveway. No one seems to have inquired just where the eastern boundary of lot twelve, according

to the map or plat, would run, but all parties admit that the driveway was to be the western boundary. Under these circumstances we do not think that the argument of appellant that he is an innocent purchaser for value has any application. The main argument of appellant amounts to this: That since the parties intentionally used in their deeds the very terms of description written in the deeds, and there is no ambiguity on the face of the conveyances, they are now bound by the documents as written. But the jurisdiction of equity should not be so circumscribed. It is not the appearances, but the realities, which govern. As well stated by counsel for appellee:

"It is not what description the parties intended to write but what property the parties intended to have embraced in the description they used."

On the main point argued the case is ruled by *Miles* v. *Miles,* 84 Miss. 624, 37 So. 112. Our court by TRULY, J., well observed:

"To hold that a court of equity could not . . . correct mistakes for the reason alone that the parties used the terms they actually intended to use would be to curtail its powers to a hitherto unheard extent. Most mistakes of fact in conveyancing, except those caused by clerical misprision, arise in cases when descriptive terms are intentionally employed under the mistaken impression that they apply to the property sought to be conveyed."

The important inquiry is, What property did appellee McGee and his cotenant, J. A. Alexander, agree to convey one to the other? The attendant circumstances support the statements of these parties. The valuable improvements were situated on the western side of the two lots, and McGee was interested in buying from his associates the improved premises and in occupying the same as his home. Mr. Alexander was

interested in taking over the vacant property at an agreed value and in erecting thereon at his own expense another dwelling house. There was no intimation that the occupation lines of the Sykes lot and premises were to be disturbed. The testimony of McGee and Alexander establish a mutual mistake of fact, and indeed this mistake is admitted.

Mr. Chief Justice SHARKEY, in the case of *Simmons et al.* v. *North et al.,* 3 Smedes & M. 67, said:

"When the mistake is admitted, then it is said there is no difficulty; then there is an equity dehors the deed or instrument, and the power to relieve is said to be quite as clear when the mistake is shown by proof either written or parol."

The fact that there was a misapprehension is supported by the subsequent conduct of the parties and the significant fact that each took possession of what he thought he was buying. Possession consistent with and not opposed to the claim of a mistake was a controlling factor in the early case of *Mosby & Kyle* v. *Wall et al.,* 23 Miss. 81, 55 Am. Dec. 71.

The claim that appellee and Alexander had no well-defined, definite contract is not supported by the testimony. It is certainly true that they intended to describe the property by lot numbers, but, as stated in *Goodbar & Co.* v. *Dunn. Trustee, et al.,* 61 Miss. 618: "Nor will the relief be denied because the parties made a mistake as to the legal sufficiency of the description."

Prudent business men make many mistakes, and these mistakes are found under many forms and under a variety of curcumstances, but the limitations on the jurisdiction of equity to correct mutual mistakes of fact are indeed few. 2 Pomeroy, Equity Jurisprudence (3d ed.), par. 852.

We do not think appellee is precluded by any alleged negligence. The bill to reform was filed promptly upon

the discovery of the mistake, and no one has been injured by lapse of time.

We see no cause to reverse the case because the final decree "is not in accordance with the bill of complaint and testimony in the case." We understand from an agreement made in open court at the conclusion of the testimony, to the effect that a civil engineer might make a plat of the property, and from the statements of counsel, that the chancellor relied upon a survey made during the progress of the trial for an accurate description employed in the final decree reforming the deeds. It developed from this survey that the driveway did not run exactly parallel with the lot lines. It was not only the privilege, but the duty, of the court to describe the property accurately and in accordance with the original intention of the parties. In doing so we do not believe that the decree departed from the prayer of the bill and the main relief sought.

Any right which Mr. Brimm may have against his vendors is not at all involved in this suit.

*Affirmed.*