## A. J. Lyon & Co. *v.* Carr *et al.**

(Division B. Dec. 17, 1928.)

[119 So. 306. No. 27493.]

---

*Corpus Juris-Cyc. References: Mortgages, 41CJ, section 505, p. 554, n. 90; Reformation of Instruments, 34Cyc, p. 956, n. 9.

*Dorroh & Strong, E. T. Bush,* and *F. H. & F. J. Lotterhos,* for appellant.

*Magruder, Walker & Magruder,* and *L. L. Martin,* for appellees.

Argued orally by *Chas. R. Strong* and *C. L. Dorroh,* for appellant.

PACK, J.  Stripped of all nonessential technicalities, the question arises in this case: Did appellant accept its deed of trust with notice. that appellee held a prior deed of trust on the same land?

The essential facts necessary for an understanding of our decision are these: J. H. Williams purchased of J. F. Carr a tract of land, and gave a deed of trust to Carr on said land to secure a series of notes, payable annually, for the purchase price. This instrument was duly recorded. A forty-acre tract of the land was erroneously described in the deed of trust as being in the Southwest quarter of a certain section, when it should have been in the Southeast quarter of said section. It was a mistake of the attorney employed to draw the instrument. Thereafter, Williams executed a second deed of trust to A. J. Lyon & Co. upon the same land, correctly describing the land. In this second deed of trust it is recited: "It is understood that there is a prior trust deed on the above-described property to J. F. Carr." Before the statute of limitation had run against the notes, appellee Carr filed a bill to reform and foreclose in chancery the first deed of trust. This action was resisted by appellant, first, by demurrer, which, being overruled, answer was filed, upon which bill and answer the chancellor heard proof, and decreed a reformation and foreclosure of the deed of trust as prayed for in the bill.

Any right that Lyon & Co. might have acquired was through the second deed of trust, which instrument recites upon its face that it is subject to the prior trust deed of Carr. Appellant thereby is placed in the position of a junior mortgagee with full notice of the rights

852

of the senior mortgagee. Charged with such notice, he cannot successfully dispute appellee's right to reform and foreclose the first deed of trust. The decree of the chancellor will be affirmed.

*Affirmed.*