RUSSELL *et al. v.* SCARBOROUGH *et al.*

(Division B. Nov. 25, 1929.)

[124 So. 648. No. 28099.]

Gardner, Brown & Backstrom and J. L. Taylor, all of Gulfport, for appellants.

J. F. Galloway, of Gulfport, for appellees.

Anderson, J., delivered the opinion of the court.

Appellees, who are heirs at law of F. M. Woodstock, deceased, filed their bill in the chancery court of Har-

rison county against appellants to reform a deed from Roderick Seal to F. M. Woodstock executed more than twenty years before the bill was filed. The cause was tried on bill, answer, and proofs, and a decree was rendered granting the relief prayed for in part. From that decree appellants prosecute this appeal.

The deed from Roderick Seal to F. M. Woodstock contained a void description of the land intended to be conveyed. The evidence amply showed that both parties to the deed intended to describe the land involved in this cause instead of that described in the deed.

The appellants contend, however, that, even though conceding that, as between the original parties, the grantee, F. M. Woodstock, was entitled to have the deed reformed, the appellees, his heirs, have no such right because the appellants occupy the position of bona-fide purchasers for value of the property without notice of the appellees' rights. Appellants invoke the equitable principle that a purchaser for value of land, without notice, actual or constructive, will not be affected by a latent equity, whether such equity be a lien, trust, or deed of conveyance; that a deed which does not describe the land intended to be conveyed cannot be reformed as against such a purchaser. The appellees concede the soundness of that principle of equity, but contend that it has no application to the facts of this case, because the appellants, and those through whom they claim title to the land, had actual notice, or its equivalent, of the appellees' rights when they purchased the land.

The evidence showed that the appellees and those under whom they claim title to the land, including their ancestor, F. M. Woodstock, had been in open, notorious, adverse possession of a part of the land, claiming title thereto, since the conveyance from Roderick Seal to F. M. Woodstock; and, furthermore, that the conveyance from Seal to Woodstock referred to a plat of this land

on file in the office of the chancery clerk of Harrison county, on which plat the land involved has been plainly marked, since said conveyance, as the property of F. M. Woodstock.

Possession of land by one under claim of title is notice to the world of such claim. The rights of such a claimant are protected against a bona-fide purchaser for value, although the evidence of his title be not of record. Breland v. Parker, 150 Miss. 476, 116 So. 879; Taylor v. Lowenstein, 50 Miss. 278; Strickland v. Kirk, 51 Miss. 795; Money v. Ricketts, 62 Miss. 209; Lyon v. Carr et al., 151 Miss. 850, 119 So. 306.

Here we have appellees and their predecessors in title in open, notorious possession of a part of the land involved, claiming title thereto against the world, and, in addition, a plat of the land on record in the chancery clerk's office, which plat was referred to and made a part of the description of the land in the conveyance from Seal to Woodstock, with the latter's name written across it as the owner. We are of the opinion that those facts were sufficient to put subsequent purchasers of the land upon inquiry which, if pursued, would have led to the knowledge of the appellees' rights. Reformation of a deed will be allowed not only as against the original parties and their privies, but also against purchasers from them with notice of their rights. 23 R. C. L. 339, 340, section 33.

We do not think the other questions argued are of sufficient gravity to call for a discussion by the court.

Affirmed.