JENKINS *v.* BATES

No. 40280          February 25, 1957          92 So. 2d 655

*Cason Rankin, Samuel E. Lumpkin,* Tupelo, for appellant.

*Adams, Long & Adams,* Tupelo, for appellee.

GILLESPIE, J.

This suit involves the question whether open and notorious possession of land under claim of title is notice to a subsequent purchaser for value of the equities of the possessor.

John Sitzman was on February 28, 1946, the owner of what we call two tracts of land facing the paved highway, the east tract actually measuring 202 feet east and west and extending from the highway south to the railroad, and the west tract, the measurements of which are not significant, abutted the first mentioned tract on the west. These two tracts had previously been owned by different parties. On the east tract was a store and on the west tract was a residence. At or near the highway right of way was a masonry monument of some kind which appears from the pictures in the record to be about four feet square and some three feet high. A fence ran from a point about ten feet south of the east side of this monument in a southerly direction at right angles to the highway some 300 feet to the railroad. The fence had been there since before 1939 and has never been moved. On October 5, 1946, John Sitzman deeded the east tract to Mrs. Opal Frances Murphy, and by mutual mistake

described the tract as being only 150 feet east and west, but when this deed was made, the grantor and grantee agreed that the boundary between the tract sold to Mrs. Murphy, the east tract, and the west tract which the grantor Sitzman still owned and occupied, was the fence running southerly starting about ten feet south of the monument.

Mrs. Opal Frances Murphy (Stanford) deeded the east tract to Merle Murphy sometime before January 7, 1947, and it was again, by mutual mistake of the parties, described as being 150 feet east and west, but that deed was not put on record and was subsequently lost; however, after Merle Murphy bought the land he had the line run by a surveyor and it was determined that the frontage on the highway was 202 feet from the monument and fence on the west to the eastern boundary. Sitzman, still the owner and occupant of the west tract, was present when the line was run and agreed that the boundary between the two tracts was a line running southerly from the monument; whereupon, Sitzman and Merle Murphy straightened up the old fence on the line as thus agreed, and each bore half the cost of a new fence. Mrs. Opal Frances Murphy (Stanford) executed and delivered to Merle Murphy a ''correction deed'' properly describing the said east tract as being 202 feet east and west, and this deed was duly recorded. On February 14, 1947, Merle Murphy deeded the east tract to appellee, Bill Bates, properly describing it as being 202 feet east and west, and this deed was recorded and Bill Bates went into possession. He made certain improvements on the disputed strip as later herein stated.

On February 5, 1947, Sitzman sold to one Roper the west tract and the deed in describing the tract included therein the west 52 feet of the tract to the east. At the time of this transaction, Sitzman told Roper, and Roper understood, that the line between the tract being sold and the tract to the east was the monument and the

fence running southerly therefrom. Roper lived on the west tract for about three years and at all times recognized the monument and fence as his east line. On March 23, 1950, Roper sold the west tract to L. E. Long and Glenn McCullough and showed them the east line as theretofore agreed upon—the fence running southerly from the monument.

Long and McCullough, for a valuable consideration, deeded the west tract on April 20, 1950, to appellant, Mrs. Bernice Jenkins, and again the deed called for the west 52 feet of the land occupied by Bates lying east of the monument and fence. When Mrs. Bernice Jenkins went on the land at the time of buying the west tract, she only went to the northwest corner, and the seller told her it ran east along the highway a distance of 541 feet. She did not measure it and did not know that her deed called for 52 feet off the west side of the tract occupied by Bates. In 1955, Mrs. Jenkins had the land surveyed and found out that her deed called for 52 feet east of the monument and fence. This lawsuit resulted.

Thus it will be seen that Mrs. Jenkins had a perfect record title to the disputed strip of 52 feet. She was not charged with constructive notice of the deeds from Mrs. Opal Frances Murphy (Stanford) to Merle Murphy, and from the latter to Bill Bates, both of which described the east tract as being 202 feet east and west, and therefore described the disputed strip, because those deeds were not in her chain of title.

The undisputed proof is that there was a mutual mistake when Sitzman deeded Mrs. Opal Frances Murphy the east tract in that the parties agreed and understood that Mrs. Murphy was acquiring all the land Sitzman owned east of the fence which ran from a point about ten feet from the southeast corner of the monument southerly and at right angles to the highway and ending at the railroad on the south, but the land was erroneously described so as to omit a strip 52 feet wide east and west

along the west side of the land actually sold. The chain of title from Mrs. Opal Frances Murphy into Bill Bates, appellee, correctly described the land as being 202 feet east and west. All the parties owning the west tract from Sitzman down to, but not including, appellant, Mrs. Bernice Jenkins, had actual notice of the fact that the boundary between the two tracts was the fence running southerly from near the southeast corner of the monument. Bill Bates has the unquestioned right in equity to have the deeds to both tracts reformed and corrected so as to give him record title to the 52 foot strip in question, unless Mrs. Bernice Jenkins was without notice of such right. All parties in the chain of title to both tracts, except Mrs. Opal Frances Murphy (Stanford) and Merle Murphy, who had given correct deeds to the east tract, are parties to the suit. In describing the several owners, we have for brevity omitted the spouses even when they were named in the deeds.

As to whether appellee, Bill Bates, is entitled to relief against Mrs. Bernice Jenkins, appellant, we must examine the facts as to Bates' possession and determine whether Mrs. Jenkins had such notice as to put her on inquiry as to the rights and equities of Bill Bates. After Bates bought the east tract, and before Mrs. Jenkins bought the west tract on April 4, 1950, Bates built a grease rack on the disputed strip within a few feet of the west line of the disputed strip and near the monument, that is, on the northwest corner of what he claims. He ran a gasoline service station in connection with the store on the east tract and had a graveled circular driveway that entered his claimed 202 foot frontage on the highway within about ten feet of the monument on the west and this led to his station and store and circled back to the highway at the northeast corner of his lot. Mrs. Jenkins saw this when she went out to look at the west tract at the time of buying it. She also saw the Bill Bates' store and service station. Bates also had at

that time an outhouse on the disputed strip near the west line of that strip. At the time Mrs. Jenkins bought the west strip, there was a fence starting about ten feet south of the southeast corner of the monument and running southerly to the railroad. Mrs. Jenkins' son occupied the house on the west tract and this house was close to the fence between the tracts. She passed the property often. She observed Bill Bates' construction of a small residence on the disputed strip that cost about $800 and made no protest whatever. She never sought to disturb the possession of Bates of the property east of the monument and fence. The chancellor was justified in finding that Mrs. Jenkins considered Bates as the owner of all property east of the fence. It was only after she surveyed the property in 1955 and found that her deed called for the disputed 52 foot strip that she made claim thereto.

Mrs. Jenkins contends that she is an innocent purchaser of the disputed strip for value without notice of the equities of Bates. The precise question for our decision is whether the possession by Bates under claim of title was sufficient notice to put Mrs. Jenkins on inquiry of the right of Bates to have the deeds reformed.

At the time Mrs. Jenkins purchased the west tract Bates was in open and notorious possession of the disputed strip under claim of title. His possession was such as to arrest the attention of anyone who so much as looked at the property. Possession of the disputed strip put the whole world on notice of, and inquiry as to, the title or equity of Bates, and whether Mrs. Jenkins actually made inquiry of Bates is immaterial because she will be presumed to have made inquiry and is charged with notice of every fact which that inquiry would have given her. Under these circumstances, Mrs. Jenkins is in no position to contend that she purchased without notice of Bates, equitable right to have the deeds reformed. 76 C. J. S., Reformation of Instruments, par. 59,

pp. 410, 411; Bolton v. Roebuck, 77 Miss. 710, 27 So. 630; Russell v. Scarborough, 155 Miss. 508, 124 So. 648.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes*, JJ., concur.