## Davis *v.* Stegall

No. 42642      April 8, 1963      151 So. 2d 813

*Jesse L. Yancy, Jr.,* Bruce; *B. A. Jaggers,* Pontotoc, for appellant.

*Byrd P. Mauldin,* Pontotoc; *Adams, Long & Adams,* Tupelo, for appellee.

RODGERS, J.

This is an action brought in the Chancery Court of Pontotoc County for the reformation of two certain deeds alleged to have erroneously described the property sold. The first deed made by Mrs. Clara Mae Payne to J. M. Stegall is said to have been erroneously drawn so as to have left out of the deed a certain fourteen and one-half acres of land intended to have been included by the grantor and the grantee. The second deed from Mrs. Clara Mae Payne to Hoyle D. Davis (written at a later date) is alleged to have erroneously included the fourteen and one-half acres left out of the prior deed. The bill also seeks temporary and permanent injunction against Hoyle D. Davis in favor of J. M. Stegall to prevent the former from interfering with the latter's use of the land here involved.

Mrs. Clara Mae Payne gave Mr. Stegall a quitclaim deed to the property in dispute at a later date, and on her application was permitted by order of the chancery court to join in the original bill as a party-complainant.

The chancery court granted a temporary injunction against Hoyle D. Davis enjoining him from molesting complainant Stegall in his occupancy and use of the property involved. The case was then tried on its merits, and the chancellor dictated his opinion into the record, in which he determined from the testimony introduced that the relief sought in the original bill should be granted. A decree was entered by the Court reforming both deeds, describing the property in metes and bounds, as well as section, township and range. The defendant, Hoyle D. Davis, was permanently enjoined from interfering with the use of the described property by the owner, J. M. Stegall.

The appellant has appealed to this Court from the decree above-mentioned and assigns as error the court's ruling that there was a mutual mistake made between

the parties in the deed to J. M. Stegall; that, Hoyle D. Davis, was a bona fide purchaser of the land without notice, because the deed to J. M. Stegall was in escrow and had not been delivered; that, the Stegall deed had not been recorded and appellant did not have actual or constructive notice of the J. M. Stegall claim to the land in dispute, and appellant was therefore an innocent purchaser.

The testimony reveals that appellant inspected that part of the eighty acre tract under fence, later described in his deed, but did not go upon the fourteen and one-half acre plot in the bottom before he purchased the land. He relied upon the statement of Mrs. Payne that she had fourteen and one-half acres of land ''down yonder.'' He did not molest Mr. Stegall in the occupancy of the disputed land from the 4th of January 1961 (the date of his deed) until the spring of 1962, during which time Mr. Stegall made a crop on the disputed fourteen and one-half acres of land.

The record shows that at the time appellant purchased the land from Mrs. Payne, Jim Young went to the bank and got the Stegall deed and brought it to the chancery clerk's office. Appellant knew the chancery clerk used the deed in writing the Davis deed and knew Mr. Stegall had purchased some land from Mrs. Payne. Moreover, Mrs. Payne told appellants she had sold some of the land to Mr. Stegall.

I.

Appellant argues that the deed from Mrs. Payne to J. M. Stegall had not been delivered at the time he bought the land described in the deed from Mrs. Payne to the appellant; that the deed left in escrow at the bank was a verbal agreement and was therefore in violation of the statute of frauds (Sec. 264 (c), Code 1942) requiring a contract for the sale of the land to be in writing.

(Hn 1) We are of the opinion, however, that the invalidity of the deed between Mrs. Payne and J. M. Stegall on the ground that it violated the provisions of the statute of frauds cannot be raised by appellant because (Hn 2) the statute of frauds does not make a contract void but only allows the defense to its enforcement (Hn 3) which defense is personal to the defendant, and may not be raised by some third party. Grisham v. Lutric & Chandler, 76 Miss. 444, 24 So. 169; Wirtz v. Gordon, 187 Miss. 866, 184 So. 798; Peaslee Gaulbert Paint & Varnish Company v. Lumpkin, 238 Miss. 637, 119 So. 2d 772; H. D. Powell v. Larry W. Sowell, Substituted Trustee, 245 Miss. 53, 145 So. 2d 168.

## II.

(Hn 4) The testimony in the record overwhelmingly sustains the opinion of the chancellor that Mrs. Clara Mae Payne intended to sell, and that J. M. Stegall intended to buy, the fourteen and one-half acres here in dispute, and also a twenty-three acre block, all in "the bottom" at the time she made the deed to him, and that because of a mutual mistake, this land was left out of the deed. Moreover, Mrs. Payne, the grantor, admitted the mistake and joined as a party-complainant. The chancellor was therefore correct in holding that there was a mutual mistake in the first deed. Jenkins v. Bates, 230 Miss. 406, 92 So. 2d 655.

The real issue in this case is whether or not the subsequent purchaser had notice of the claim of J. M. Stegall to the fourteen and one-half acres located in the SE¼ of the SW¼, Sec. 20, T. 10, Range 4 East, at the time this land was included in the deed made by Mrs. Payne to appellant Hoyle D. Davis.

At the time appellant purchased the two plots of land from Mrs. Payne, and for many years prior thereto, J. M. Stegall was occupying and farming the fourteen and one-half acres of the disputed land. He had a crop

growing on the disputed land in 1961. Moreover, appellant made no effort to dispossess J. M. Stegall until the spring of 1962, nor until appellant was advised that the deed he obtained was in error because it included fourteen and one-half acres then in the possession of J. M. Stegall.

In the case of Jenkins v. Bates, supra, (a case of somewhat similar facts) this Court said: ''Possession of the disputed strip put the whole world on notice of, and inquiry as to, the title or equity of Bates, and whether Mrs. Jenkins actually made inquiry of Bates is immaterial because she will be presumed to have made inquiry and is charged with notice of every fact which that inquiry would have given her. Under these circumstances, Mrs. Jenkins is in no position to contend that she purchased without notice of Bates' equitable right to have the deed reformed.'' Citing 76 C. J. S., Reformation of Instruments, Sec. 59, pp. 410-411; Bolton v. Roebuck, 77 Miss. 710, 27 So. 630; Russell v. Scarborough, 155 Miss. 508, 124 So. 648.

(Hn 5) This Court has repeatedly held that the possession by the person who occupies land puts the whole world on notice of an inquiry as to the extent of his claim and consequently subsequent purchasers are put on notice as to the right of occupant to the reformation of a deed. Russell v. Scarborough, supra; Levy v. Holberg, 67 Miss. 526, 7 So. 431; Beauchamp v. McLauchlin, 200 Miss. 83, 25 So. 2d 771.

(Hn 6) We are therefore of the opinion that the contention of appellant that he had no notice of the claim of J. M. Stegall to the disputed land (actual or constructive) is not tenable. (Hn 7) Moreover, we do not agree with the argument of appellant to the effect that since the deed to J. M. Stegall was put in escrow there was no delivery of the deed and hence the deed was ineffective to convey or vest any title.

(Hn 8) In the case of Whitfield v. Harris, 48 Miss. 710, this Court pointed out that ordinarily a deed delivered in escrow to a third party does not take effect until a second delivery, "but it is equally true, that whenever either justice or necessity demands a resort to fiction to ward off intervening claims or liens, courts of equity will give a relation back and cause it to take effect from its first delivery as an escrow."

We are therefore of the opinion, and so hold, that the decree of the chancery court should be, and is hereby, affirmed.

Affirmed.

*Lee, P. J., and Gillespie, McElroy and Jones, JJ.,* concur.