GILLESPIE, Chief Justice:
J. C. Nash (complainant) filed a bill to remove cloud in the Chancery Court of At-tala County against his adjoining landowner, Margaret A. Hanna (defendant), and her tenant, George Hanna. The chancery court found in favor of complainant on the basis of his record title and that there was insufficient evidence to establish adverse possession by defendant or her predecessors in title. Defendant appealed on the grounds that the court erred in finding that the complainant had superior title to two tracts, towit: (1) a 145-foot strip of land off the east side of the Wj4 of the SWJ4 of section 9; and (2) a 145-foot strip of land off the west side of the El/2 of the NWJ4 of section 16. We reverse the chancery court’s finding as to the tract in section 9 and affirm the findings as to section 16.
The sole question before this Court is whether complainant or defendant had record title to the two strips of land. The *520 following facts are extracted from an abstract which was stipulated by counsel for the litigants as constituting a correct de-raignment of the pertinent duly-filed instruments.
On February 10, 1944, S. J. Peeler conveyed to Cage Nash and wife Bessie, Will Bates, and Otho Simmons a tract of land which encompassed the two 145-foot strips of land in question. On June 11, 1945, Cage Nash secured a fifteen-year, sixteenth section lease on a tract of land that included the 145-foot strip of land in section 16.
On November 27, 1945, the four coten-ants executed two deeds. In one of the deeds, Will Bates and wife Maybelle and Otho Simmons conveyed to Cage Nash and wife Bessie their interest in a tract of land including both strips in question. In the other conveyance on the same date, Cage Nash and wife purported to convey to Will Bates and wife and Otho Simmons the “balance” of the property theretofore held by all in common. However, this second conveyance did not accurately describe the remainder of the property. In an apparent attempt to exclude from the conveyance the two tracts in question, the deed excluded two similarly described tracts which are situated in different parts of the entire tract. A correction deed was executed on October 27, 1947, in an attempt to correct the latter mentioned conveyance. In the correction deed Cage Nash and wife Bessie conveyed to Will Bates and Otho Simmons a tract of land which appears to be the balance of the larger tract previously held as cotenants. Although two tracts of land with similar descriptions as the two in question were again excluded from the conveyance, the two excluded tracts are situated at positions which are obviously not the locations intended. The tract excluded from section 9 was not even in the larger tract previously owned jointly by the parties. Neither of the deeds executed by Cage Nash and wife accurately described the two tracts in question.
Through a series of conveyances, complainant obtained title to the land previously conveyed to Will Bates and wife May-belle and Otho Simmons; and defendant obtained title to the land previously conveyed to Cage Nash and wife Bessie.
It is apparent from recitals in the deeds that it was the intent of Cage Nash and wife Bessie to convey to Will Bates and wife Maybelle and Otho Simmons the balance of the property theretofore owned by all in common. Cage Nash and wife Bessie never conveyed to Will Bates and wife Maybelle and Otho Simmons the 145-foot strip situated in section 9. Will Bates and wife Maybelle and Otho Simmons, predecessors of the complainant, having divested themselves of any interest in the 145-foot strip in section 9 by their deed executed November 27, 1945, to Cage Nash and wife Bessie, and having never regained title thereto, they had no title to convey to complainant.
The fifteen-year lease obtained by defendant’s predecessor in title, Cage Nash, which included the 145-foot strip in section 16, expired on June 11, 1960. Mississippi Code 1942 Annotated section 6597-03 (Supp.1971) provides:
[T]he holder of a lease of sixteenth section land, at the expiration thereof, shall have a prior right, exclusive of all other persons to release or to extend an existing lease as may be agreed upon between the holder of the lease and board of supervisors. .
However, in the absence of evidence to the contrary, we must presume that defendant’s predecessors failed to exercise their prior right.
On May 5, 1961, complainant secured a twenty-five year, sixteenth section lease which included the strip in question. Before complainant filed his lease on October 9, 1961, defendant’s predecessors in title secured and filed a lease covering the same 145-foot strip for a term of twenty- *521 five years on July 27, 1961. We find it unnecessary to consider the effect of complainant's failure to file his lease with the chancery clerk until after the filing of the lease of defendant’s predecessors for the reason that the chancellor was justified in finding that complainant was in possession of the 145-foot strip at the time the second lease to defendant’s predecessors in title was executed. This possession constituted actual notice to the predecessors of the defendant of complainant’s claim to the 145-foot strip. Davis v. Stegall, 246 Miss. 593, 151 So.2d 813 (1963).
For the foregoing reasons, the judgment of the chancery court is reversed as to the 145-foot strip in section 9, and affirmed as to the 145-foot strip in section 16, and judgment is entered here accordingly.
Affirmed in part, reversed in part, and rendered.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.