265 So.2d 921 (1972)
SUNNYBROOK CHILDREN'S HOME, INC.
v.
Wendell Earl DAHLEM and James Otto Dahlem.
No. 46738.
Supreme Court of Mississippi.
July 3, 1972.
Rehearing Denied September 12, 1972.
Patterson, King, Lee & Malski, Jan P. Patterson, William S. Turner, Aberdeen, for appellant.
Johnny N. Tackett, Aberdeen, for appellees.
SUGG, Justice:
Appellant, Sunnybrook Children's Home, Inc., appealed from a decree of the Chancery Court of Monroe County, Mississippi, which denied reformation of a deed executed by N.W. Dahlem to his wife, Mrs. *922 Nettie Dahlem. Appellees, Wendell Earl Dahlem and James Otto Dahlem, filed a cross-appeal from the decree which construed the will of N.W. Dahlem.
Appellant filed its original bill of complaint to reform a deed executed May 2, 1938 by N.W. Dahlem to his wife, Mrs. Nettie Dahlem. Complainants alleged that N.W. Dahlem conveyed to his wife certain lands in Monroe County, Mississippi including 170 acres described as follows:
Also 170 acres, off the N. side, of S 26, T15, R____E, Monroe County,
Appellant alleged that the omission of the range number in the deed was an error of the scrivener; that the grantor intended to convey to his wife the 170 acres of land that he owned in Section 26, Township 15, Range 7 East; that it was entitled to have such omission supplied by reforming the deed by inserting in the deed the correct range number. Appellant charged that it was the owner of the 170 acres of land involved in this lawsuit, together with other land, by virtue of a quitclaim deed from Mrs. Nettie Dahlem dated July 10, 1970.
Appellant also charged that N.W. Dahlem and wife, Mrs. Nettie Dahlem, conveyed to Monroe County, Mississippi a right-of-way 30 feet wide in 1951; that Mrs. Nettie Dahlem conveyed certain land to Carl Alfred Stahl, Sr. and wife, Alice Stahl, in 1962; and, that Mrs. Nettie Dahlem conveyed to Homer Hansell Callahan certain land in 1963. The deeds evidencing such conveyances were not attached as exhibits, nor was the description of such land shown by the proof.
The grantees in the above three deeds were made parties defendant but no relief was sought against them. The sole relief prayed for in the original bill was that the deed of May 2, 1938 be reformed by inserting Range 7 in the description of the 170 acres.
Appellees answered, denied appellant was entitled to reformation, made their answer a cross-bill, and alleged that Needham Dahlem was the owner of the 170 acres of land at the time of his death; that he devised the land to appellees subject to a life estate in Mrs. Nettie Dahlem. The cross-bill prayed that appellees be decreed the fee simple owners of the 170 acres subject to the life estate of Mrs. Nettie Dahlem, and that the claims of "the parties" to said land be cancelled and held for naught.
An amendment to the cross-bill charged that Homer Hansell Callahan conveyed to George Franklin Callahan and wife, Millie V. Callahan, the land attempted to be conveyed to him by Mrs. Dahlem and prayed that the Callahans be made parties to the proceedings. Process was issued for the Callahans but no relief was sought against them except as stated in the original cross-bill.
Appellant then filed an amended bill of complaint and alleged in the alternative that, by virtue of the last will and testament of Needham Dahlem who died in 1962, his wife was vested with a life estate in the 170 acres of land involved in this lawsuit with the right to:
"... sell mineral rights, including oil, gas and other minerals which shall also include sand, gravel, bentonite, clay and other minerals of whatsoever kind and character located in, under and upon all of my said real property."
Appellant alleged in the amended bill of complaint that Mrs. Nettie Dahlem conveyed to appellant all minerals under the 170 acres by deed dated March 25, 1971. Appellant further charged that, if not entitled to reformation of the original deed from N.W. Dahlem to his wife, Mrs. Nettie Dahlem, Mrs. Nettie Dahlem should be declared the owner of a life estate in the surface of said 170 acre tract of land and that appellant be declared the owner in fee of the timber and mineral rights in said 170 acres of land.
The defendant, Mrs. Nettie W. Dahlem answered the original and amended bill of complaint and the cross-bill, admitted the *923 allegations of the original and amended bill, and adopted as her own the answer to the cross-bill filed by appellant.
Appellees filed an answer to the amended bill of complaint denying the allegations and praying that Wendell Earl Dahlem and James Otto Dahlem, appellees, be decreed the fee simple owners of the 170 acres "subject only to the life estate pur autre vie" of the appellant.
Appellee objected to the testimony offered by appellant on the ground that, if a patent ambiguity exists in a deed, parol evidence may not be introduced to aid in the description of the property. The court reserved ruling on the objection and appellant fully developed its case showing that the omission of the range number was a scrivener's error and that it was the intent of N.W. Dahlem to convey to his wife, Mrs. Nettie Dahlem, the 170 acres.
Appellees rested after introducing in evidence the highway map of Monroe County, Mississippi, with the further right to introduce tax receipts in addition to the tax receipts introduced by the appellant, and with the right to submit to the court the transcript in a case styled Martin v. Walker. This transcript does not appear in the record.
The chancellor stated in his opinion:
The first question the Court must determine is whether or not parol evidence may be admitted to explain the ambiguity in the description of the land in the deed. The classification of ambiguities into latent and patent still exists in this jurisdiction. The Court finds that this is a patent ambiguity, and it is the Court's opinion that the objection of counsel to the introduction of parol evidence to explain the ambiguity should have been sustained....
After the chancellor completed his opinion appellees requested a ruling on their objections to testimony where ruling had been reserved by the court. The court then ruled that the objection of appellees relating to the admission of parol evidence was sustained.
The court further stated:
In view of these decisions, though frankly this Court thinks that the law should be different, this Court has no authority other than to apply the rule of steri decitus [sic] [stare decisis] and to decide that the undertaken conveyance of one hundred seventy (170) acres in the deed first mentioned here was void.
The chancellor denied reformation of the deed and in his decree held as follows:
That certain deed from Needham W. Dahlem to Nettie W. Dahlem dated 2 May, 1938 and recorded in Monroe County Deed Record Book 104 at page 280 in the office of the Chancery Clerk of Monroe County, Mississippi, purporting to convey, inter alia:
"Also 170 acres off the N. side of S 26, T 15, R E, Monroe County, Mississippi ..."
is void as to said tract, and the omission of the range therefrom constitutes a patent ambiguity which cannot be remedied by parol evidence and, therefore, Complainant and Cross-Defendant, Sunnybrook Children's Home, Inc., is not entitled to reformation of said deed.
As between appellant and appellees, the only matter necessary for decision is whether or not appellant was entitled to have the deed in question reformed by insertion of the range number.
The chancellor based his opinion on a line of cases which hold that a patent ambiguity in a deed cannot be remedied by parol evidence and relied on the cases of Seal v. Anderson, 235 Miss. 249, 108 So.2d 864 (1959); Burkley v. Jefferson County, 213 Miss. 836, 58 So.2d 22 (1952); Sack v. Gilmer Dry Goods Co., 149 Miss. 296, 115 So. 339 (1928); and Haughton v. Sartor, *924 71 Miss. 357, 15 So. 71 (1893). These cases all correctly announce the law under the facts in each case, but they have no application in cases involving bills to reform instruments between the original parties or parties in privity with them where there are no intervening rights of innocent purchasers for value without notice.
The Court was in error in holding that parol evidence may not be admitted for the purpose of reforming a deed. In Smalley v. Rogers, 232 Miss. 705, 100 So.2d 118 (1958) this Court stated:
One of the assignments argued by the appellants is that the court erred in admitting parol evidence to show the intention of the parties to the deed as the deed was plain and unambiguous. The appellant cites numerous authorities to support his contention, however, these cases are not applicable in reformation proceedings.
"It is practically a universal rule that in suits to reform written instruments on the ground of fraud or mutual mistake, parol evidence is admissible to establish the fact of fraud or of a mistake and in what it consisted, and to show how the writing should be corrected in order to conform to the agreement or intention which the parties actually made or had, and this, even though the instrument in question is within the statute of frauds. So far as the introduction of such proof may be said to violate the statute, it is immaterial whether it comes from the complainant or the respondent. The nature of the action is such that it is outside the field of operation of the parol-evidence rule. If this were not so, a rule adopted by the courts as a protection against fraud and false swearing would, as has been said in regard to the analogous rule known as the statute of frauds, become the instrument of the very fraud it was intended to prevent. Evidence of fraud or mistake is seldom found in the instrument itself, and unless parol evidence may be admitted for the purpose of procuring its reformation, the aggrieved party would have as little hope of redress in a court of equity as in a court of law.
"Generally, it may be said that any testimony which tends to prove the mistake alleged or the intention of the parties is admissible. A witness in a position to know may testify concerning the intention of the parties to an agreement, to the same effect as to any other fact." 45 Am.Jur., Reformation of Instruments, Section 113.
In the case of McAllister v. Richardson, 103 Miss. 418, 60 So. 570, the Court held that it was well settled in this State that a court of equity has power to reform a deed so that it will conform to the real intention of the parties. Whitney Central National Bank v. First National Bank, 158 Miss. 93, 130 So. 99.
In Brimm v. McGee, 119 Miss. 52, 80 So. 379, 381, which was a suit for reformation, the Court said: "The main argument of appellant amounts to this: That since the parties intentionally used in their deeds the very terms of description written in the deeds, and there is no ambiguity on the face of the conveyances, they are now bound by the documents as written. But the jurisdiction of equity should not be so circumscribed. It is not the appearance, but the realities, which govern."
In Oliver v. Board of Supervisors, 211 Miss. 447, 51 So.2d 766, 769, this Court said: "Of course, equity will not make contracts for parties. `If an agreement is just what the parties intended it should be, no matter what led to it, there can be no interference with it; but if, in putting it into form, it fails to express and stipulate for what the parties understood and intended it should, a case is made for a court of chancery.' Hall v. State, to Use of Lafayette County, 69 Miss. 529, 13 So. 38, 39."

*925 In view of the testimony in this case and the authorities cited, we think there was ample evidence to sustain the court in decreeing reformation of the deed. (232 Miss. at 710, 100 So.2d at 119.) (Emphasis added.)
We have recognized the right to reform instruments not only against the original parties and their privies, but also against purchasers from them with notice of their rights. In Russell et al. v. Scarborough et al., 155 Miss. 508, 124 So. 648 (1929) this Court stated:
Reformation of a deed will be allowed not only as against the original parties and their privies, but also against purchasers from them with notice of their rights. 23 R.C.L. 339, 340, § 33. (155 Miss. at 511, 124 So. at 649.)
See also Davis v. Stegall, 246 Miss. 593, 151 So.2d 813 (1963); Smalley v. Rogers, supra,; Jenkins v. Bates, 230 Miss. 406, 92 So.2d 655 (1957); Adams et ux. v. Hill et ux., 208 Miss. 341, 44 So.2d 457 (1950).
We have held that the evidence to reform a deed must be clear and convincing. Allison v. Allison, 203 Miss. 15, 33 So.2d 289 (1948). In other cases we have stated that reformation of an instrument on the ground of mutual mistake must be sustained by proof beyond reasonable doubt. Frierson v. Sheppard, 201 Miss. 603, 29 So.2d 726 (1947); Brown v. King, 214 Miss. 437, 58 So.2d 922 (1952).
We hold that the evidence shows beyond a reasonable doubt that it was the intention of N.W. Dahlem to convey to Mrs. Nettie Dahlem 170 acres on the north side of Section 26, Township 15, Range 7 East and that the omission of the range number was a scrivener's error.
Section 1962, Mississippi Code 1942 Annotated (1956) provides in part that in case a decree of the court below is reversed the Supreme Court shall render such decree as the court below should have rendered unless it is necessary, in consequence of its decision, that some matter of fact be ascertained.
We reverse the decree of the chancellor and, since it is not necessary that any matter of fact be ascertained, decree is rendered here reforming the deed dated May 2, 1938 executed by N.W. Dahlem to his wife, Mrs. Nettie Dahlem, recorded in Book 104, page 280 of the records of deeds in Monroe County, Mississippi by inserting Range 7 East to correct the scrivener's error.
Since we have held that appellant is entitled to reformation of the deed, it is not necessary that we consider the matter of the construction of the will of N.W. Dahlem because appellees have no interest in the 170 acres.
Since no relief was prayed for by appellant against the defendants, Monroe County, Mississippi, Carl Alfred Stahl and wife, Alice Stahl, Homer Hansell Callahan, Franklin Callahan and wife, Millie V. Callahan, a decree will be entered here dismissing the original and amended bills of complaint as to these parties without prejudice. The cross-bill of appellees as to the above parties is dismissed with prejudice since appellees own no interest in the 170 acres.
Reversed and rendered on direct and cross-appeals.
RODGERS, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.