404 So.2d 1029 (1981)
Jeanelle Varnado WEBB, et al.
v.
Elizabeth H. BROWN.
No. 52806
Supreme Court of Mississippi.
October 7, 1981.
Rehearing Denied November 4, 1981.
*1030 Parsons & Matthews, Jack Parsons, Eddy Parsons, Wiggins, for appellant.
Newton & Newton, Robert S. Newton, James M. Hall, Wiggins, for appellee.
Before PATTERSON, C.J., and SUGG and BROOM, JJ.
PATTERSON, Chief Justice, for the Court:
In the Chancery Court of Stone County, Jeanelle Varnado Webb, Jerry Shorder, Durwood McGuffie, Carolyn McGuffie, and Peggy Wiggins filed a bill for reformation of a warranty deed conveying property to Elizabeth H. Brown. In her cross-bill, Brown sought confirmation of title to the disputed property, removal of any clouds from her title, and also alleged no mutual mistake which would require reformation.
The chancellor found no mutual mistake to warrant reformation of the deed, thus confirming title in Brown and setting aside the quitclaim deed from the Varnado heirs to Jeanelle Varnado Webb and Jerry Shorder as a cloud on Mrs. Brown's title.
Being aggrieved, Webb, et al, appeal, assigning seven errors, namely:
I. The Court erred in not considering intention as an element of knowledge of the parties as relevant and admissible as to proof of mutual mistake.
II. The Court erred in not considering equity because the parties have incorporated the description they intended to incorporate into the deed.
III. The evidence adduced at trial in no way supports the claim of "Estoppel by Deed" in the instant case.
IV. Equity has the inherent power to reform a deed to make it express the intention of the parties.
V. The Appellee has not shown herself to be a bona fide purchaser for value without notice.
VI. The parol evidence rule is not applicable in cases involving bills to reform instruments between the original parties or their privies.
VII. The evidence adduced at trial demonstrated beyond a reasonable doubt that the Ainsworth building was not intended to be conveyed.
This controversy stems from a series of conveyances of property located in Wiggins which consists of three or possibly four business buildings which were leased to business tenants. The warranty deed sought to be reformed describes the property as follows:
Begin at the Southeast corner of Lot 1, Block 2, Mattox Addition to the City of Wiggins, according to the Plat thereof on file and of record in the Stone County Chancery Clerk's office at Wiggins, Mississippi, in Plat Book 1, Page 34, reference to which said Plat is hereby made in aid of and as a part of the description; thence run North 60 feet; thence West 75 feet; thence run South 60 feet; thence East 75 feet back to the point of beginning.
Three conveyances by warranty deed with similar descriptions, in chronological order and now in question, were as follows:
(1) Mrs. Annie K. Varnado to Peggy Wiggins and Durwood McGuffie on November 16, 1976;
(2) Peggy Wiggins to Durwood McGuffie on March 24, 1977; and
(3) Durwood McGuffie to Elizabeth H. Brown on May 5, 1977.
*1031 Also a quitclaim conveyance from the Annie K. Varnado heirs to Webb and Shorder occurred on March 22, 1979, of the property described as follows:
Begin at the Southeast corner of Lot No. 1, Block No. 2, of the Mattox Addition to the Town (now City) of Wiggins, Mississippi, and then run North 60 feet, thence run West 48 and 4", thence run South 60 feet, thence run East 48 feet and 4", back to the point of beginning. All as per attached survey "Exhibit A."
Charles Wiggins negotiated the purchase of the property from Mrs. Varnado, now deceased. He testified, that Varnado wanted to sell the old cleaners building, the beauty shop, and the antique shop; and that Varnado did not offer to sell the Ainsworth building (presently in dispute) nor did she want to sell it. When Varnado delivered Wiggins and Hall, the appellee's attorney, the deed, she had two, one of which she picked up and said, "No, this is the Ainsworth building, I can't get rid of it," put it down and delivered the other one. According to Wiggins, she expressly said the Ainsworth building was not to be conveyed. He offered her $15,000 for two parcels, which included the Ainsworth building in dispute, but she refused to sell both parcels and accepted $5000 for the cleaners, the beauty shop, and the antique shop. Prior to purchase, Durwood McGuffie and Charles Wiggins viewed three buildings: the cleaners, the beauty shop, and the antique shop. They did not inspect the disputed property; moreover, a survey was not done before the purchase, the grantees relying upon a general description given by the grantor. According to Wiggins, the 75 feet in the deed description did not include the Ainsworth jewelry store but extended from the east side of the drainage ditch to the east side of the Ainsworth building where it ended.
McGuffie testified it was his understanding he purchased the property east of the ditch up to but not including the Ainsworth building. McGuffie opened a furniture store in one building and rented the other two buildings to Redmond and Elizabeth Brown, respectively. McGuffie and Wiggins did not pay utilities on the Ainsworth building after their purchase nor did they collect rent from the business tenant occupying it.
McGuffie testified that after he and Peggy Wiggins received their deed from Varnado that he and his wife subsequently purchased the Wiggins' interest and later sold the identical property to Brown. Mrs. Brown, the purchaser, had operated Brown's Beauty Shop in one of the buildings under a lease agreement for more than 35 years and was totally familiar with the area. The deed to Brown used the same description as the prior conveyance from Wiggins to McGuffie and wife but did not include the Ainsworth building.
McGuffie made no representations that he was selling the Ainsworth building to Brown. He was in a hurry to sell at the time and again no survey was done before conveying the property to Brown. He testified he intended to convey to Brown only that which he had previously purchased. Brown paid him $10,000 for the conveyance, but had he known the Ainsworth building was included in the description, McGuffie stated he would have requested $18,000 to $20,000 based on the added value of the Ainsworth building. O.B. Brown, who negotiated the last sale for his wife, viewed two of the buildings, but did not inspect the Ainsworth building and did not examine the beauty shop where his wife maintained her shop.
It is not necessary to consider all assignments of error for we are of the opinion the evidence unmistakenly demonstrates it was the clear intention of the original grantor, Mrs. Annie K. Varnado, not to convey the Ainsworth building. Neither did the original grantees, Peggy Wiggins and Durwood McGuffie, intend to purchase the property in dispute nor did McGuffie intend to subsequently convey it to Elizabeth Brown. Even though the deed description after survey included part of the Ainsworth building, it is not the description they intended to write which controls, but the property the parties intended *1032 to include in the description used. In Brimm v. McGee, 119 Miss. 52, 57, 80 So. 379, 381 (1919), a reformation of deed suit wherein a mistake as to the description intended to be conveyed occurred, this Court held "[i]t is not what description the parties intended to write but what property the parties intended to have embraced in the description they used." Moreover, we are of the opinion the evidence demonstrates beyond a reasonable doubt a mutual mistake on the part of the original grantor and grantees. See Perrien v. Mapp, 374 So.2d 794 (Miss. 1979). Thus, we are of the opinion the mistake in description in the deed should be reformed to coincide with the description of the property intended to be conveyed.
Turning to the appellee's assertion the grantee, Elizabeth Brown, was a bona fide purchaser for value without notice, we think Mrs. Brown, who had operated a business in the Brown Beauty Shop for 35 years, was cognizant of the fact she was not purchasing the Ainsworth building and that McGuffie did not intend to convey it to her. Up to the day she purchased the property and even afterwards, Ainsworth and subsequent business tenants of the disputed property paid rent to Mrs. Varnado and, following her death, continued to pay rent to her estate. This served to put Brown on notice of the Varnado claim to the Ainsworth building so that a reformation of the deed would be equitable as to all parties. See Sunnybrook Children's Home, Inc. v. Dahlem, 265 So.2d 921 (Miss. 1972); Russell, et al v. Scarborough, et al, 155 Miss. 508, 124 So. 648 (1929).
It follows, we think, that no title was vested in Mrs. Brown to the Ainsworth building; and therefore, she would have no interest in the title between the Varnado heirs or their grantees to such property.
REVERSED AND JUDGMENT ENTERED FOR APPELLANTS.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.