# North American Life Ins. Co. *v.* Smith *et al.*

(Division B.   Feb. 1, 1937.)

[172 So. 135.   No. 32484.]

Percy Bell, of Greenville, and J. C. Roberts, of Cleveland, for appellant.

**Shands, Elmore, Hallam & Causey,** of Cleveland, for appellee, Mamie W. Smith.

Osborn & Lott and R. J. Pettey, all of Greenwood, for appellees, W. R. Moore and J. L. Nichols.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed its bill in the chancery court of Washington county against appellees to foreclose a mortgage on land theretofore executed by appellee Mamie W. Smith and her husband, C. R. Smith, to George M. Forman, to secure an indebtedness of $25,000. The Smiths were made parties, and also subsequent vendees of the mortgaged premises, among whom were W. R. Moore and J. L. Nichols. By the bill appellant sought a deficiency decree against them if the proceeds of the sale of the land were insufficient to pay the mortgage indebtedness and expenses. There was a final hearing on bill, answers, and proofs, resulting in a decree for foreclosure, and denying liability for any deficiency on the part of Mrs. Mamie W. Smith and Moore and Nichols. From that decree appellant prosecutes this appeal.

C. R. Smith and his wife, Mamie W. Smith, on June 19, 1919, executed their promissory notes, payable to George M. Forman, aggregating the sum of $25,000, and to secure the same gave a mortgage on a section of land owned by him. The final payment on the notes was due March 1, 1930; the rate of interest was 7½ per cent. per annum. On August 16, 1919, C. R. Smith and wife conveyed the land to Moore and Nichols. The deed recited, as a part of the consideration, the assumption by them of the mortgage indebtedness of $25,000. As an additional consideration for the conveyance of the land

Nichols and Moore were to pay the Smiths, $4,060. On the 11th of October, 1919, Moore and Nichols conveyed the land to W. T. Pitts and A. B. Weeks. In that deed Pitts and Weeks assumed the indebtedness Moore and Nichols owed Smith and wife, and also the $25,000 indebtedness to "George M. Forman & Company." On the same day Pitts and Weeks conveyed the land to Mrs. Mabel H. King. In the deed she assumed the Moore and Nichols indebtedness to the Smiths and likewise the $25,-000 indebtedness to "George M. Forman & Company of Chicago, Illinois." On October 27, 1922, the deed of trust by Nichols and Moore in favor of the Smiths was foreclosed in pais, at which sale P. L. Abel purchased the land. Afterwards he conveyed the land to Charles Forman, brother and associate in business of George M. Forman. The record shows that Charles Forman did not hold title to the land adversely to George M. Forman. On September 12, 1919, George M. Forman assigned the Smith notes and mortgage to secure the same to appellant.

C. R. Smith died intestate and insolvent pending the litigation. He and all of the other defendants, except his wife and Moore and Nichols, sought to be held for any deficiency were eliminated for reasons unnecessary to state. Neither side makes any point on their disappearance from the case.

In the latter part of 1929 appellant had a foreclosure of its mortgage in pais, at which sale it purchased the land for $12,500. Appellant thereupon went into the possession of the land, and has so continued since. The foreclosure sale was void, for reasons unnecessary to state. There is no question as to that. In 1936 appellant, recognizing the invalidity of the foreclosure, filed the bill in this case for that purpose, resulting as above stated.

Under the principles laid down in Gilliam v. Mc-Lemore, 141 Miss. 253, 106 So. 99, 43 A. L. R. 79, the vendees of the land acquiring title through the Smiths, the original mortgagors thereof, by assuming the payment of the original mortgage indebtedness, became principal debtors to the mortgagee, and the Smiths became their sureties. The right to a deficiency judgment was based upon the principles growing out of that relation. Moore and Nichols demurred specially to the bill, upon the ground that there was a fatal variance between its allegations and the exhibit on which it was based. The demurrer was sustained, and, appellant declining to amend, there was a dismissal as to them. That action of the court is assigned as error.

As shown, the original indebtedness was payable to George M. Forman and by him assigned, with the mortgage to secure it, to the appellant. The bill alleged that Moore and Nichols, in the deed to them, assumed this indebtedness as a part of the consideration. The bill referred to the deed and made it an exhibit. The exhibit itself shows that, instead of assuming the indebtedness to George M. Forman of $25,000, Nichols and Moore assumed an indebtedness of that amount to "George M. Forman & Company of Chicago, Illinois." The bill contained no allegation that George M. Forman and George M. Forman & Company of Chicago, Illinois, were identical, or what the relation was, if any.

If the exhibit controls the allegations of the bill as we hold it does, the relation of principal and surety never arose between the Smiths and Moore and Nichols. Section 527, Code of 1930, provides, in substance, that a copy of any writing of which profert is made or ought to be made, shall be annexed to and filed with the pleading, and, if not so annexed and filed, evidence thereof shall not be given on the trial. Section 374 provides that exhibits filed with a bill as a part thereof, shall be considered, on demurrer, as if copied in the bill. If there

is a conflict between the exhibit and the allegations of the bill, the former controls. Griffith's Chan. Prac., sec. 192, p. 189; House v. Gumble & Co., 78 Miss. 259, 29 So. 71, 21 R. C. L., p. 477.

Mrs. Smith claimed that she was discharged as a surety for the vendees because of the manner in which appellant dealt with them with reference to the indebtedness. George M. Forman & Co., appears to be a loan brokerage concern with headquarters in Chicago; it had a brokerage interest in the original mortgage indebtedness. Collections on the indebtedness for appellant were made principally through that company. The evidence shows that, after the conveyance by the Smiths to Moore and Nichols, and for something like ten years, appellant looked to others interested in the land, not to the Smiths, for the payment of the principal and interest of the mortgage indebtedness, although there was no express agreement on the part of appellant discharging the Smiths and accepting the others as principal debtors. Mrs. Smith had no notice of the foreclosure in pais which took place in the latter part of 1929. When the bill in this case was filed, the principal and interest of the indebtedness had been in default for several years. We are of the opinion that the contention is without merit.

Mere want of diligence on the part of a creditor in proceeding against his principal debtor does not release the surety. Johnson v. Planters' Bank, 4 Smedes & M. 165, 43 Am. Dec. 480. Neither does mere indulgence, delay, or passiveness on the part of the creditor towards the principal debtor discharge the surety. Delay not amounting to a bar of the statute of limitations in enforcing collateral securities which the principal debtor may have placed in the creditor's hands does not discharge the surety. Clopton v. Spratt, 52 Miss. 251. The failure of the payee of a promissory note to probate it against the estate of the principal maker, thereby per-

mitting it to become barred as against him, will not prevent recovery against the surety on the note. Johnson v. Success Brick Machinery Company, 104 Miss. 217, 61 So. 178, 62 So. 4.

Section 2957, Code of 1930, which has been in our codes for a long time and was not repealed by the Negotiable Instruments Act (First National Bank v. Rau, 146 Miss. 520, 112 So. 688), provides a method by which the surety may put the creditor in default and thereby be discharged from further liability. In substance it provides that any surety or accommodation indorser for another may, at any time after the debt has become due, give notice in writing to the creditor to commence and prosecute legal proceedings against the principal debtor, if living and resident within the state, for the recovery of the debt; and, if the creditor fails to sue by the next term of the court, in which the same should be brought, to be held after the expiration of thirty days from the giving of the notice and to prosecute the same to effect, the surety shall be discharged from liability. The record shows that the sureties made no attempt to comply with this statute.

Affirmed as to Moore and Nichols, and reversed and remanded as to Mrs. Smith.

Affirmed in part; reversed and remanded in part.