BROWN, et ux. *v.* KING.

May 26, 1952.

No. 38449 (58 So. (2d) 922)

**Dabney & Dabney**, for appellants.

**Dent & Ward**, for appellee.

**Alexander, J.**

This appeal is from a decree dismissing a bill filed by appellants to reform a deed executed to appellants by appellee.

The deed conveyed certain lands in Warren County and contains a reservation, for a period of ten years from its date, of all merchantable timber thereon or that which during such time should become merchantable.

The grantor also reserved a one-fourth interest in all minerals therein. The dispute arises out of the contention by appellants that it was mutually understood that the timber reservation was to be limited to three years. ██ █ Although there was some dispute, the chancellor was justified in finding from the whole testimony that the deed was prepared by appellee's attorney with the ten-year reservation therein and read to appellants by him at the time the appellants executed a purchase-money deed of trust thereon. Also, that after the deed had been recorded, it was delivered to appellants, who read it, and after noting the ten-year provision, made no protest to the attorney or grantor or offered to return it, but proceeded to locate Mr. King, who was acting, with authority, for Mrs. King and paid to the former the cash consideration. Testimony of appellants was that there were two deeds and that the one delivered did not conform to the alleged agreements in prior negotiations. However, the attorney, his secretary who drew and notarized the deed, and the grantor testified that the deed delivered was the only one drawn. It was further testified by Mr. King that there was no definite agreement as to the extent of the reservation but that some reservation would be made.

██ █ In view of the knowledge of the appellants as to its contents, their acceptance without protest, together with their subsequent payment of the cash consideration, the prior negotiations had become merged into the accepted contract of conveyance and they are now without right to have it reformed. Koenig v. Calcote, 199 Miss. 435, 25 So. (2d) 763, is a stronger case than this on its facts. ██ █ Moreover, the evidence to justify reformation must be sustained by proof beyond a reasonable doubt. Frierson v. Sheppard, 201 Miss. 603, 29 So. (2d) 726. In the instant case there was shown no mutual mistake.

While little emphasis is placed upon the alleged right to minerals and mineral interests, including rentals, we

take occasion to note the concession made in the brief for appellees, as follows: "Your Appellee states now that she is willing to have the deed reformed insofar as the minerals are concerned (which offer she made at the close of the testimony in the lower court and which offer was refused by Appellants) in such a way that the Appellee will retain 'an undivided one-half interest in and to the present interest (figured as of the date of the deed) of the grantor herein in and to all of the oil, gas and other minerals located in, on or under the lands hereby conveyed, with perpetual right of ingress and egress thereover, and the use of such parts of the surface of said land as may be reasonably necessary for the discovery of and the removal from said premises of such oil, gas and other minerals, such reservation, however, to be non-participating as to any bonus payments, or delay rentals which may be paid under the terms of any lease hereafter executed on said land. The grantor does hereby expressly give and grant unto the said grantees, their successors and assigns, the exclusive right to lease said lands, or any part thereof, for oil, gas and mineral purposes without interference or hindrance upon the part of the grantor, her successors or assigns, said leases to be granted upon such terms and conditions as said grantees may deem desirable, and the grantor herein, her successors and assigns, shall not be required to join in the execution and delivery of any oil, gas or mineral lease covering said land, or any part thereof, in order to convey good title to the Lessee thereunder; provided, however, that no oil, gas and mineral lease shall ever be executed by grantees covering the above land, or any part thereof, that shall reserve to lessors as royalty, less than one-eighth of all the oil and gas produced and saved from such land, and this covenant shall be deemed a covenant running with the land.' "

This concession is more definite in its details than the testimony of appellants and does not reproduce the exact terms of any alleged prior agreement. There was some

discussion between the parties which may have indicated that the appellants were to receive more than one-half of a one-half non-participating royalty interest, as stated in the deed, but this issue was likewise resolved by the findings of the chancellor.

However, if the parties are minded to implement this concession, made in resistance to the appeal and fortified by the authority and integrity of counsel, by an agreement of both parties supported by a motion to amend our order herein, this Court would consider such motion if filed within fifteen days from the date of our order.

Affirmed.

**McGehee, C. J.,** and **Hall, Kyle,** and **Holmes, JJ.,** concur. concur.