WILLIAMS *v.* WILSON et al.

No. 41844          May 1, 1961          129 So. 2d 125

*Creekmore & Beacham,* Jackson, for appellant.

*Martin R. McLendon,* Asst. Atty. Gen., Jackson, for appellees.

McGEHEE, C. J.

The appellant Lawrence E. Williams, doing business as The Insurance Planning Agency, brought this suit against the appellees William P. Wilson, Adjutant General of the State of Mississippi, Hilton R. Vance, Assistant Adjutant General of the State of Mississippi, and Edgar F. Rapp, Staff Assistant to the Adjutant General of the State of Mississippi, suing them in their personal and individual capacities in a suit predicated upon a written contract signed by them in their official capacities. The written contract was made an exhibit to the declaration, was dated July 1, 1957, and was signed "For the Adjutant General by Hilton R. Vance, Major AGC Miss. NG, Asst. Adjutant General".

When there is a conflict between the allegations of a declaration and the exhibit thereto, the exhibit controls. In the instant case, although the suit is predicated upon the theory that these state officials entered into and breached the contract of July 1, 1957, made pursuant to the statutory authority of Section 5647-49, Code of 1942, and the exhibit shows that the same was executed by the defendants in their official capacities, it is alleged that they are personally and individually liable.

The declaration also alleges that said Section 5647, Code of 1942, authorizes the department heads of the State to procure group insurance for their regular employees; that the statute requires that 75% of the regular employees shall agree in writing to the coverage of group insurance, and authorizes a payroll deduction to cover the employee's part of the premium; that these deductions are paid into the general or contingent fund and are supplemented by the department head to the extent of 20%; and that thereafter the department head is empowered to pay the full amount of the premium direct to the insurance company. The statute does not specifically authorize the coverage of any persons who are not regular employees and whose share of the premium may not be paid by payroll deductions.

Most members of the National Guard are paid directly by the United States Government, and the Adjutant General obviously could not make payroll deductions for such members of the Guard as might desire coverage. A bill of particulars shows that in the month the contract was breached there were 23 employees on payroll deduction and 187 employees not on payroll deduction.

The declaration also alleged that the appellant Lawrence E. Williams is an insurance broker and that in order for the Adjutant General of the State to save his department the trouble and expense of handling the collection of the premiums from the employees the contract was entered into whereby the appellant agency was to

receive seventy-one cents monthly as compensation for his services for each employee insured for himself only, another specified sum monthly for each employee insured for himself and his dependents, and another specified sum monthly for employees on payroll deductions. That originally a group insurance policy was issued to the Adjutant General of Mississippi as employer by the Gulf Coast Life Insurance Company, and that later another policy was issued to him by the John Hancock Mutual Life Insurance Company, and thereafter the plaintiff was notified by telephone that the group insurance policy issued by John Hancock Mutual Life Insurance Company had been cancelled as of midnight September 14, 1959, and had been supplanted by other group insurance, "and that the contract between the Adjutant General of the State of Mississippi and the plaintiffs, dated July 1, 1957, Exhibit 'A' hereto (the declaration), was cancelled as of that moment". The result was that the plaintiff brought this suit to recover of the defendants William P. Wilson, Hilton R. Vance and Edgar F. Rapp, jointly and severally in their individual capacities, the sum of $5,499.27.

The circuit court sustained a demurrer to the declaration on September 7, 1960, and finally dismissed the suit, and the appellant has prosecuted this appeal.

■■■ The declaration had alleged that the appellees in executing and cancelling the contract herein sued on acted in their individual capacities and concludes that they are personally liable; whereas the exhibit to the declaration, which controls, shows on its face that the contract was entered into by the appellees in their official capacities.

In the case of North American Life Ins. Co. v. Smith, et al, 178 Miss. 238, 172 So. 135, this Court said: "If the exhibit controls the allegations of the bill as we hold it does, the relation of principal and surety never arose between the Smiths and Moore and Nichols. Section 527, Code of 1930, provides in substance, that a copy of any

writing of which profert is made or ought to be made, shall be annexed to and filed with the pleading, and, if not so annexed and filed, evidence thereof shall not be given on the trial. Section 374 provides that exhibits filed with a bill as a part thereof, shall be considered, on demurrer, as if copied in the bill. If there is a conflict between the exhibit and the allegations of the bill, the former controls. Griffith's Chan. Prac., Sec. 192, p. 189; House v. Gumble & Co., 78 Miss. 259, 29 So. 71, 21 R. C. L. p. 477.''

We have therefore concluded that there was no error committed by the trial court in sustaining the demurrer to the declaration in this cause and that his action in so doing must, therefore, be affirmed.

Affirmed.

*Kyle, Gillespie, McElroy,* and *Jones, JJ.,* concur.