The principal question involved in this case is the interpretation of a reservation of oil, gas and mineral rights in a conveyance.
S.B. Daws owned the surface of a tract of the land involved in this suit and an undivided one-fourth of the oil, gas and other minerals which may be produced, saved and marketed from said land. On May 22, 1940, Daws conveyed the land to B.C. Arrington by a deed which contained the following reservation:
 It is further understood and agreed that the grantor herein retains all of the oil, gas and mineral rights in, on and under the above described lands with the right of ingress and egress for a period of 12 years from this date.
Prior to the expiration of the foregoing reservation and on February 20, 1950, B.C. Arrington and his wife, Margaret Arrington, conveyed to Van H. West by general warranty deed the aforementioned land with the following clause in the deed, to-wit:
 All oil, gas and minerals and all oil, gas and mineral rights belonging to or appurtenant to said land is hereby reserved and excepted from this conveyance, said oil, gas and minerals and mineral rights having heretofore been reserved and excepted, and are not owned by grantor.
Thereafter Van H. West went into possession of the land and remained in uninterrupted actual possession for more than ten years.
The present suit was filed by B.C. Arrington and his grantees against the successors in title to Van H. West. The purpose of the suit was to confirm title in the complainants to one-fourth of one-eighth of the holding of all oil, gas and other minerals which may be produced, saved and marketed from said land. The owner of the leasing rights had leased the lands, which lease provided for royalty of one-eighth of the whole of the oil, gas and other minerals which may be produced and saved from said lands. It was alleged in the bill of complaint that Van H. West and his grantees were claiming certain rights in the oil, gas *Page 826 
and other minerals, and the prayer of the bill was to cancel the claims of West and his grantees.
The answer and cross-bill of the defendants admitted the essential averments of the original bill concerning the aforementioned deeds and the reservations contained therein, but denied that the deed from Arrington to Van H. West reserved any estate in the oil, gas and other minerals. Their cross-bill charged that there was an agreement between B.C. Arrington and his wife, Margaret Arrington, and Van H. West and that the latter was purchasing the entire interest in said property, including any interest in the oil, gas and other minerals. The defendants also averred adverse possession and contended that there had never been a severance of the mineral estate from the surface ownership and that title had been lost by the adverse possession of Van H. West and his successors in title.
The court sustained complainants' demurrer and dismissed the cross-bill and confirmed title in the complainants. No evidence was heard. The chancellor was of the opinion that the demurrer to the cross-bill went to the heart of the case, and with this, we agree. The defendants and cross-complainants prosecuted an appeal to this Court.
The principal question is whether the reservation in the deed from the Arringtons to West was sufficient to reserve the mineral interest involved in this suit. It is argued that the statement in the reservation that the mineral rights had theretofore been reserved and excepted, and were not owned by grantor amounted to a disclaimer of ownership and was an untrue statement because at the time of making the conveyance, the Arringtons did own an interest in the minerals. The appellants rely upon the general rules of construction set forth in Richardson v. Moore, 198 Miss. 741, 22 So.2d 494 (1945), but we are of the opinion that they do not sustain appellants' contention. We are of the opinion that this case is controlled in all of its essential aspects by Wilson v. Gerard, 213 Miss. 177, 56 So.2d 471 (1952), which involved a conveyance by Gerard to Wilson containing the following reservation: "Subject to one-half interest in mineral and oil rights as conveyed to Wm. Henderson." Henderson was a fictitious person, and it was charged by Wilson that Gerard made the purported deed to the fictitious Henderson for the purpose of defrauding Wilson, and that the reservation was not valid. The court rejected Wilson's contention and held that the exception of reservation was valid, notwithstanding that one-half of the interest in the minerals had not been conveyed to Henderson. The court said:
 If the allegations of the bill are true, and we must assume that they are true for the purpose of the demurrer, than the Gerards were guilty of unethical conduct in representing to the appellant Wilson that they had previously sold one-half of the minerals to Henderson, but this would not amount to a legal fraud since the grantee Wilson would have received only one-half of the minerals if the representation had been true that one-half thereof had been previously sold to Henderson. * * * 213 Miss. at 186, 56 So.2d at 473.
The reservation by the Arringtons was not ambiguous and clearly stated that all oil, gas and other minerals rights appurtenant to said lands were reserved and excepted from the conveyance. The statement that the minerals had heretofore been reserved and excepted and were not owned by the grantor could not be construed as a mere limitation on the warranty, but as a reason for the exception. If the statement or representation of non-ownership of the minerals had been true, the grantee would not have received any interest in the minerals. Moreover, the deed made it clear that no minerals were being conveyed, and the Arringtons obviously received no consideration for the mineral estate.
The contention that adverse possession was sufficient to perfect the title *Page 827 
of Van H. West and his grantees in the mineral estate because the mineral estate had not been severed begs the question already decided. Since the reservation in the deed from the Arringtons to West was sufficient to reserve and except the mineral estate, there was a severance. Cook v. Farley, 195 Miss. 638,15 So.2d 352 (1943).
Appellants contend that the Arringtons agreed with West to convey all the interest they owned in the land, including mineral interests. They argue that this averment is sufficient to make an issue of fact as to the intentions of the parties. We are of the opinion that all negotiations between the Arringtons and West were merged in the deed which the grantee accepted and under which he and his grantees claim. Brown v. King, 214 Miss. 437,58 So.2d 922 (1952).
We are therefore of the opinion that the chancellor correctly disposed of the case and that his decree should be and is affirmed.
Affirmed.
BRADY, PATTERSON, SMITH, and ROBERTSON, JJ., concur.