WALKER, Justice, for the Court:
A bill of complaint requesting partial restitution based on mutual mistake of fact was filed in the Chancery Court of Rankin County, Mississippi. The defendant demurred on the ground there was no equity on the face of the bill. After hearing, the chancellor sustained the demurrer and dismissed the cause with prejudice.
The question on appeal is whether or not the bill of complaint stated a cause of action. Since the appeal is from an order sustaining a demurrer, the facts alleged by the complainant and any facts which are reasonably or necessarily implied therefrom must be taken as true. Poole v. Brunt, 338 So.2d 991 (Miss.1976).
According to the bill of complaint the parties entered into an agreement for the sale and purchase of land with the terms described in paragraph 4 of the bill of complaint as:
[Cjomplainants agreed to pay unto the Defendant the sum of $12,500.00, which said sum was arrived at by multiplying the figure of $1,250.00 per acre by the acreage contents which was to be purchased by Complainants, that is 10 acres (V2 interest in a 20 acre tract) which was to be purchased by Complainants; .
The sale was consummated at the stated price of $12,500 and in return, complainant received a quitclaim deed. The deed made no mention of the specific quantity of acres conveyed. It merely conveyed “our undivided interest in and to the following described land. . . . ” The land was then described as the North Half of the Northeast Quarter of Section 27, Township 6 North, Range 3 East, lying East of the Brandon and Fannin Road; and the deed then went on to except certain described parcels lying therein.
Subsequently, on October 25, 1976, complainant had the land surveyed; and, according to the survey, the land described in the quitclaim deed contained only 10.53 acres.
Paragraph 5 of the bill of complaint alleges that throughout the dealings “each party considered the total acreage content of the land to be 20 , acres, and the sale was arrived at by multiplying 10 (Vfe interest in 20 acres) times $1,250.00 per acre, and thereby arriving at the sales price of $12,-500.00,” and, “All of the parties were mistaken in reference to the acreage content, which mutual mistake was carried over into the consumation [sic] of the sale.”
The specific issue on appeal is: May a party who has sold land by a deed which makes no reference to the number of acres involved and which is a quitclaim deed, be held liable for restitution based on a mutual mistake of fact as to the amount of acres involved in the sale?
This case presents the problem of balancing the need for certainty in land transactions, as evidenced by written deeds, against the need for availability of equitable relief when justified by the facts.
On the present facts, the sale was consummated by the exchange of money for a quitclaim deed. Appellee argues and the lower court apparently held that a quitclaim deed gives no warranties and therefore cannot support a claim for deficiency in acreage.
In the alternative, it is argued that since we have held previous negotiations or contracts are “merged” into the deed of conveyance, West v. Arrington, 183 So.2d 824 (Miss.1966), and, parol evidence of prior representations may not be introduced to vary the terms of a deed, Bower v. Chess & Wymand Co., 83 Miss. 218, 35 So. 444 (1903), it would be error to consider prior agreements with regard to the acreage content, when passing on the sufficiency of the declaration. Miss. State Highway Commission v. Cohn, 217 So.2d 528 (Miss.1969).
The above principles all go to provide certainty in land transactions for those who rely upon written deeds. In the interest of equitable relief, however, some exceptions have been created when justified. In analogous situations involving mutual mistake *1106 of fact, we have allowed equitable relief. Reformation of a deed was permitted even where there was no ambiguity in the deed itself and the description used was that intended to be used by the parties, though under mutual mistake of fact. Brimm v. McGee, 119 Miss. 52, 80 So. 379 (1919). Rec-ision was held to be a proper remedy where there was a mutual mistake of fact, even though the conveyance was by a quitclaim deed. Greer v. Higgins, 338 So.2d 1233 (Miss.1976). And, in Brown v. Coker, 129 Miss. 411, 416, 92 So. 585 (1922), we held that where there is a mutual mistake of fact as to description of land, which results in a difference in value and location, recision or compensation for the difference in value are proper remedies, dependent upon the particular factual situation.
We have also excepted the situation where there is a mutual mistake of material fact from the doctrines of “merger” and “exclusion of parol evidence to vary a deed.” See, e. g., Miss. State Highway Commission v. Cohn, 217 So.2d 528 (Miss. 1969) where, while applying the two doctrines, we expressly excepted the situation of mutual mistake. 217 So.2d at 531.
In the present case, the bill of complaint alleged that there was a mutual mistake of material fact as to the acreage contracted to be bought. The suit is not based upon breach of warranty, as no warranty was made or expressed in the quitclaim deed. Rather, the suit is founded in equity seeking restitution in the form of proportional reduction of the purchase price where a formula of cost per acre was alleged to have been used to calculate the purchase price. Thus, the suit is not one of breach of warranty on a quitclaim deed, but one based upon alleged mutual mistake of a material fact in a contract of sale. In the present case, the issue does not involve a third party or bona fide purchaser without notice.
We, therefore, hold that where there are allegations of mutual mistake of material fact as to the amount of acreage conveyed and where the selling price is calculated on a cost per acre basis, a cause of action is stated, even though the conveyance is by quitclaim deed where no third party transaction is involved.
Since this appeal is taken from an order sustaining a demurrer to the bill of complaint, we make no comment on the merits of the case, other than to point out that in the interest of protecting the need for certainty in land transactions, we have long held a complainant, upon allegations of mutual mistake, to the heavy burden of proof beyond a reasonable doubt. Sunnybrook Children's Home, Inc. v. Dahlem, 265 So.2d 921 (Miss.1972); Frierson v. Sheppard, 201 Miss. 603, 29 So.2d 726 (1947).
For the above stated reasons, this case is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C. J., SMITH, P. J., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.