358 So.2d 721 (1978)
Odis BROWN et ux.
v.
ELTON CHALK, INC. and Elton Chalk, Individually.
No. 50244.
Supreme Court of Mississippi.
May 17, 1978.
Johnston & Adams, Lem Adams, III, Brandon, for appellants.
McLaurin, Nicols & Kelly, John C. McLaurin, Brandon, for appellee.
Before WALKER, BOWLING and COFER, JJ.
WALKER, Justice, for the Court:
This is an appeal from an order of the Circuit Court of Rankin County sustaining a demurrer to appellants' declaration. The declaration recited, among other things, that Elton Chalk, Inc. constructed a residence which plaintiffs purchased on February 26, 1975; that there was an implied warranty by the defendants that the house was built in a workmanlike manner; that certain defects appeared which the defendants attempted, unsuccessfully, to repair; that these defects have never been repaired by the defendants in breach of the implied warranty and that the plaintiffs were entitled to be compensated for the alleged resulting damages.
Since this appeal is from an order sustaining a demurrer, the facts alleged by the complainants and facts which are reasonably and necessarily implied therefrom must be taken as true. Poole v. Brunt, 338 So.2d 991 (Miss. 1976).
The appellants allege in their brief that "The basic theory upon which the Appellants sought to recover under the allegations of the declaration, is that as between a builder-vendor of a new home and his vendee, there is by operation of law an implied warranty that the home is built in a good workmanlike manner and that the materials used were of good quality."
*722 In the case of Oliver v. City Builders, Inc., 303 So.2d 466, 469-470 (Miss. 1974), in a specially concurring opinion, Justice Inzer, joined by four other justices, did not concur with a statement in the original opinion which tended to hold that the maxim of caveat emptor and the judicial doctrine of merger leaves little or no room for an implied warranty between a builder-vendor and the first purchaser[1] saying:
I concur in the result of the majority opinion insofar as it holds that the rule of strict liability in tort or products liability does not create liability on the part of a builder-vendor to remote purchasers of a permanent structure on real estate. However, I do not concur with the opinion insofar as it tends to hold that the maxim of caveat emptor and the judicial doctrine of merger leaves little or no room for an implied warranty between a builder-vendor and the first purchaser. It has long been the rule in this state that a builder-vendor of a new home is liable to his vendee for latent defects. Mincy v. Crisler, 132 Miss. 223, 96 So. 162 (1923).
The common law maxim of caveat emptor was fundamentally based on the premise that the buyer and seller dealt at arm's length and that the purchaser had means to gain information concerning the subject matter of the sale equal to the seller. However, under modern conditions this rule has no application to latent defects in products built or manufactured by the vendor. Furthermore, the maxim of caveat emptor has been gradually restricted and circumvented until it is now a mere shadow of itself. To apply the maxim to an inexperienced buyer of a new home in favor of an experienced builder would result in a manifest denial of justice in many cases.
The rule that parties to a transaction who finally reduce its terms to writing merge all previous agreements into the writing, does not preclude an implied warranty as between a builder-vendor and the first purchaser. An implied warranty arises by operation of law and when it arises it cannot be destroyed or defeated by the mere passage of title through a written instrument.
It is my opinion that as between a builder-vendor of a new home and his vendee, that there is and should be an implied warranty that the home was built in a workmanlike manner and it is suitable for habitation. However, this implied warranty does not extend to remote purchasers of the home.
The appellants are correct in their contention that as between the builder-vendor of a new home and his vendee there is an implied warranty that the home was built in a workmanlike manner and that it is suitable for habitation. However, a party bringing suit based upon such an implied warranty must allege in his declaration, inter alia, that (1) the house is new; and (2) that the plaintiff was the first purchaser. Neither of these allegations were contained in the declaration nor are they reasonably or necessarily implied from the facts alleged in the declaration. These allegations are contained in the appellants' brief, but it is well settled that we must confine ourselves to the facts shown by the record and may not consider statements of facts contained in the brief. St. Louis Fire & Marine Ins. Co. v. Lewis, 230 So.2d 580 (Miss. 1970). Therefore, the judge of the circuit court properly sustained the demurrer, and the judgment of the lower court is affirmed.
Since the order sustaining the demurrer and dismissing the declaration does not recite that the petitioners declined to plead further before their petition was dismissed, we affirm the action of the lower court sustaining the demurrer but remand the cause[2] so that the plaintiffs may amend their declaration, if they so desire, within thirty days from the date the judgment of this Court becomes final.
*723 AFFIRMED, BUT REMANDED TO ALLOW PLAINTIFFS TO AMEND WITHIN THIRTY DAYS.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Three other Justices filed a dissent to the original opinion in which they expressed the opinion that the doctrine of strict liability was applicable.
[2] Crowson v. Crawford, County Supt. of Education, 216 Miss. 770, 778, 63 So.2d 231 (1953).