387 So.2d 94 (1980)
John D. HICKS, Jr., and Dixie W. Hicks
v.
GREENVILLE LUMBER COMPANY, INC.
No. 52078.
Supreme Court of Mississippi.
August 13, 1980.
Robertshaw & Merideth, Douglas J. Smith, Jr., Greenville, for appellants.
Felts, Russell, Adams & Lueckenbach, Nathan P. Adams, Jr., Greenville, for appellee.
Before ROBERTSON, P.J., and WALKER and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
Appellants, John D. Hicks, Jr., and his wife, Dixie W. Hicks, appeal from a judgment of the circuit court of Washington County, sustaining a general demurrer to their four-count declaration for damages against the Greenville Lumber Company, Inc.
Appellants sought damages of $92,284.39 from the appellee for negligence in the construction of their home, breach of an express one-year warranty covering any defects in construction, breach of implied warranties of suitability and fitness, strict liability in tort, and the false filing of a materialman's lien against their property. The *95 house, the subject matter of this suit, was constructed by appellee and sold by it to Sharron Anne Shepherd, the title being transferred by general warranty deed dated October 20, 1975. The Hicks subsequently purchased this house from Mrs. Shepherd, who conveyed title to the Hicks by general warranty deed dated June 8, 1976. Appellee acted as broker in this transaction.
Appellants' only assignment of error is that the trial court erred in sustaining a demurrer to all counts of their first amended declaration. Negotiations for the purchase of this house were carried on in May and June of 1976 between the Hicks and a representative of Greenville Lumber Company.
Among other things, appellants charged in their declaration:
"[T]hat as an inducement to Plaintiffs to purchase said residence, said representative of Greenville Lumber Company, Inc. stated to Plaintiffs that said residence was still covered by an express 1-year warranty from his Company, under the terms of which Defendant would correct all deficiencies in the construction of the residence. That prior to October, 1976, but after Plaintiffs had purchased said residence, Plaintiffs gave notice to Defendant's representative that water came through the chimney of the house when it rained, however no action to correct this deficiency in the chimney was ever taken by Defendant.
.....
That on or about May 1, 1977, Plaintiffs noticed water leaking into the house from under the concrete slab. Plaintiffs contacted Defendant, and after an inspection by a representative of Defendant, Plaintiffs learned that a "T" joint had been improperly placed under said house. The Greenville Lumber Company made certain repairs to the "T" joint by pulling back the carpeting, cutting off the water, and breaking a hole in the concrete slab under the bathroom and hall of said residence. That the total time expended in making such repairs was approximately six weeks."
In Count IV, Plaintiffs charged:
"That Defendant falsely and knowingly filed a notice of Materialman's lien against Plaintiffs' property in violation of Mississippi Code of 1972, Section 85-7-201, and are thereby liable to Plaintiffs for damages in the amount of $2,284.39."
The trial court was correct in sustaining a demurrer to Counts I, II, and III of the Amended Declaration, but was in error in sustaining a demurrer to Count IV.
The allegation about the residence being still covered by an express one-year warranty of appellee apparently was an oral representation by appellee's agent, because no copy of the sales contract or any writing of any kind was attached to the declaration.
Since there were no allegations in the declaration charging fraud or mutual mistake, our ruling in Mississippi State Highway Commission v. Cohn, 217 So.2d 528 (Miss. 1969), applies. In Cohn, we said:
"By numerous decisions of this Court the prior negotiations of parties become merged in the contract of conveyance when it is executed. West v. Arrington, 183 So.2d 824 (Miss. 1966); Brown v. King, 214 Miss. 437, 58 So.2d 922 (1952); and State Highway Department v. Duckworth, 178 Miss. 35, 172 So. 148 (1937). In the absence of fraud or mutual mistake, and none is here alleged, parol evidence directed to the prior oral representations could not have been introduced at the trial to vary the terms of the deed by the plaintiffs to the defendant. Since these allegations are incapable of proof by evidence, they are not well pled. Bower v. Chess & Wymand Co., 83 Miss. 218, 35 So. 444 (1903)." 217 So.2d at 531.

See also, 77 C.J.S. Sales § 312 (1952), pp. 1148-49.
The trial court was correct in sustaining a demurrer to Count I of the declaration.
In Count II, the plaintiffs charged:
"That Defendant, in failing to properly manufacture and construct said residence, breached both expressed and implied *96 warranties to [Plaintiffs], resulting in damages to Plaintiffs as herein above described."
In the concurring opinion in Oliver v. City Builders, Inc., 303 So.2d 466 (Miss. 1974), a majority of this Court joining therein, it was said:
"I concur in the result of the majority opinion insofar as it holds that the rule of strict liability in tort or products liability does not create liability on the part of a builder-vendor to remote purchasers of a permanent structure on real estate. However, I do not concur with the opinion insofar as it tends to hold that the maxim of caveat emptor and the judicial doctrine of merger leaves little or no room for an implied warranty between a builder-vendor and the first purchaser. It has long been the rule in this state that a builder-vendor of a new home is liable to his vendee for latent defects. Mincy v. Crisler, 132 Miss. 223, 96 So. 162 (1923)." 303 So.2d at 469.
Following up on the Oliver ruling, we said, in Brown v. Elton Chalk, Inc., 358 So.2d 721 (Miss. 1978):
"The appellants are correct in their contention that as between the builder-vendor of a new home and his vendee there is an implied warranty that the home was built in a workmanlike manner and that it is suitable for habitation. However, a party bringing suit based upon such an implied warranty must allege in his declaration, inter alia, that (1) the house is new; and (2) that the plaintiff was the first purchaser." 358 So.2d at 722.
The trial court was correct in sustaining a demurrer to Counts II and III of the declaration.
Appellee contends that the trial court was correct in sustaining a demurrer to Count IV of the declaration because Count IV "shows on its face that the action for recovery is filed more than one year from the filing of any such alleged false notice and is, therefore, barred by the statute of limitations in this cause, same being Section 85-7-201 of Mississippi Code of 1972, Annotated."
MCA section 85-7-201 (1972), which has been brought forward unchanged in each successive code since 1930, provides:
"Any person who shall falsely and knowingly file the notice mentioned in section 85-7-197 without just cause shall forfeit to every party injured thereby the full amount for which such claim was filed, to be recovered in an action by any party so injured at any time within one year from such filing; ..."
MCA section 85-7-197 (1972), also brought forward unchanged since 1930, provides in part:
"Any laborer, materialman or architect entitled, or who may become entitled, to a lien under this chapter, or to give hereunder a stop notice to any owner, shall have the right to record his claim in the lis pendens record upon compliance with the following requirements, to wit: (1) He shall reduce his claim for the lien to writing which writing shall show the basis of his claim and all of the parties thereto or to be affected by the lien, and such writing shall contain a description of the property sought to be bound, and it shall also set forth the rights claimed in the property to be bound, and the person claiming the lien shall make an affidavit to the writing. (2) He shall notify the owner in person if a resident of the county, or by registered mail if a non-resident of the county, by giving to the said owner a copy of the notice aforesaid, and he shall attach to the original of the said notice an affidavit that the said notice has been given and the date and manner thereof."
Appellee argues that its Notice of Materialman's Lien was filed in the "Notice of Construction Liens" book, in accordance with MCA section 85-7-133, and not in the lis pendens record, and, therefore, the notice to the owner required in section 85-7-197 does not apply.
Besides being inconsistent in arguing that the one-year limitation provision of section 85-7-201 applies, but the reference to section *97 85-7-197 requiring notice to the property owner does not, the appellee's contention must fail for these additional reasons. Section 85-7-197 (laborers and materialmen may file evidence of claim) has come down unchanged since it was first enacted into law in Chapter 136, General Laws of 1928. It first appeared in the 1930 Code as section 2282, and in the 1942 Code as section 380. Likewise, section 85-7-201 has come down unchanged since it was first enacted into law in Chapter 136, General Laws of 1928. It appeared in the 1930 Code as section 2284 and in the 1942 Code as section 382. In the 1930 Code, sections 2282 and 2284 were included in Chapter 44, under the heading "Liens".
Likewise, section 85-7-131 has come down virtually unchanged since its appearance as section 2258 in the 1930 Code and section 356 in the 1942 Code under the heading "Lien of laborers, materialmen, architects  notice."
It was not until 1964 that a "Notice of Construction Liens" book was provided for. The Mississippi Legislature in 1964 passed Senate Bill No. 1744 (Chapter 291, General Laws of 1964). The purpose was described in its title, which read: "AN ACT to amend Section 356, Mississippi Code of 1942, Recompiled, as amended, to extend labor and materialmen's lien to water well drillers." After section 356 of the 1942 Code, as amended, was repeated in its entirety in a long Section 1(a) of Senate Bill 1744, a short paragraph, Section 1(b) was added, as follows:
"(b) Each of the several chancery clerks of this state shall provide in his office, as a part of the land records of his county, a book entitled `Notice of Construction Liens' wherein notices under this act shall be filed and recorded, and such liens, as provided hereunder, shall not take effect unless and until some notation thereof shall be filed and recorded in said book showing a description of the property involved, the name of the lienor or lienors, the date of filing, if and where suit is filed, and if and where contract is filed or recorded."
That Section 1(b) is now MCA section 85-7-133, (1972).
There is no merit in appellee's contention that the limitation of one year mentioned in section 85-7-201 applies, but that the mandatory notice to the property owner required by section 85-7-197 does not apply, merely because its notice of lien was listed in "Notice of Construction Liens" book rather than on the lis pendens docket.
The plaintiffs charged in their declaration that the materialman's lien was filed July 28, 1977, without notice to them and came to their attention for the first time on or about May 25, 1979. They filed their suit shortly thereafter, on June 21, 1979. Not being barred by the one-year limitation on filing suit, contained in section 85-7-201, the declaration in Count IV stated a good cause of action, not subject to demurrer.
Inasmuch as Count IV was good, the demurrer should not have been sustained to the declaration. Boler v. Mosby, 352 So.2d 1320 (Miss. 1977).
The order sustaining the general demurrer is, therefore, reversed, and this cause remanded to the lower court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.