KITCHENS, Justice,
concurring in result only:
¶ 27. The majority is correct in reversing the grant of summary judgment to Mike Rozier Construction Company, Inc. But I respectfully concur only in the Court’s result.
¶ 28. This Court has held that, “as between the builder-vendor of a new home and his vendee there is an implied warranty that the home was built in a workmanlike manner and that it is suitable for habitation.” Brown v. Elton Chalk, Inc., *1224 358 So.2d 721, 722 (Miss.1978). As the majority recognizes, “[t]he rule required the party to ‘allege.in his declaration ... that (1) the house is new; and (2) that the plaintiff was the first purchaser.’” Maj. Op. ¶ 16 (quoting Brown, 358 So.2d at 722). The majority adopts the rationale of the Arizona Supreme Court that, “in determining whether a party constitutes a builder-vendor, Mississippi’s overarching policy is to vitiate sham transactions that would deny relief to the innocent purchaser of new construction.” Maj. Op. ¶ 18 (citing Lofts at Fillmore Condo. Ass’n v. Reliance Commercial Constr., Inc., 218 Ariz. 574, 190 P.3d 733, 736 (2008)).
¶ 29. The majority reverses the judgment and remands this case with the following instruction to the trial court:
Should the trial court find that the builder-vendor classification applies to Rozier Construction, its argument that it disclosed the defective subsoil conditions beneath the parking lot to D.G. Gluck-stadt, and that D.G. Gluckstadt waived the use of particular improvements to combat the subsoil defects, must fail. However, if the trial court were to find the builder-vendor classification inapplicable to D.G. Gluckstadt, then the disclosure and waiver were effective and dismissal is appropriate.
Maj. Op. ¶ 20. Further, according to the majority, “[o]n remand, the trial court should consider whether the builder-vendor context applies to the relationship between Rozier Construction Company and D.G. Gluckstadt.” Maj. Op. ¶ 20. But the issue sub judice is not, as the majority finds, “whether Rozier Construction and D.G. Gluckstadt have a builder-vendor relationship.” Maj.-Op. ¶ 24. Under Mississippi law, the concept of builder-vendor is not a “relationship,” but rather a classification. Thus, the issue is whether D.G. Gluckstadt’s and Rozier’s alleged relationship violates Mississippi’s public policy against sham transactions that would deny relief to the innocent purchasers of new construction and, as such, whether the builder-vendor classification applies to impute D.G. Gluckstadt’s duty to Rozier to construct in a workmanlike manner.
¶ 30. The common law builder-vendor rule protects innocent first purchasers of new construction. Brown, 358 So.2d at 722. This Court has extended the duty to construct a “home in a workmanlike manner and to construct a home which is suitable for habitation,” to subsequent purchasers. Keyes v. Guy Bailey Homes, Inc., 439 So.2d 670, 673 (Miss.1983).. And the majority today correctly extends the builder-vendor classification to Mississippi’s commercial class. Maj. Op. ¶ 19. In light of Mississippi’s public policy interest, and in the spirit of Keyes, I would expand the rule further to impute the builder-vendor classification to entities contrived solely for the purpose of artifice.
¶ 31. To assert that the builder-vendor classification applies to D.G. Gluckstadt and Rpzier, Stribling must have alleged, which it did, (1) that the construction is new, and (2) that Stribling was a first or subsequent innocent purchaser after completion of the allegedly negligent construction. See Brown, 358 So.2d at 722; Keyes, 439 So.2d at 673. The trier of fact must then determine whether Rozier is a builder-vendor in light of its alleged status as an alter ego for D.G. Gluckstadt. See Park v. Sohn, 89 Ill.2d 453, 60 Ill.Dec. 609, 433 N.E.2d 651, 655 (1982) (“Courts have defined the builder-vendor as one who is engaged in the business of building, so that the sale is .of a commercial nature, rather than • a casual or personal one.”); Luana Sav. Bank v. Pro-Build Holdings, Inc., 856 N.W.2d 892, 897 (Iowa 2014) (quoting Elderkin v. Gaster, 288 A.2d 771, 774 n. 10 (1972)) (“A builder-vendor ... *1225 refers to one who buys land and builds homes upon that land for purposes of sale to the general public.”); Hoke v. Beck, 224 Ill.App.3d 674, 167 Ill.Dec. 122, 587 N.E.2d 4, 7 (1992) (“Whether a defendant is a builder-vendor for the purpose of the warranty is á question 'of fact to be determined on a case-by-case basis.”). If the trier of fact determines that the companies are, in essence, one and the same, the builder-vendor rule applies) Then, as between Rozier and Stribling, a duty of workmanlike construction exists,' and Stri-bling may proceed with its claim that such duty was breached. Brown, 358 So.2d at 722.
¶ 32. Because a, genuine issue pf material, fact exists regarding whether the builder-vendor classification applies, I would find only that the trial court improperly granted summary judgment to Rozier. I therefore concur in result only.
KING, J., JOINS THIS OPINION. DICKINSON AND RANDOLPH, P.JJ., JOIN THIS OPINION IN PART.